ATHERTON *v.* VILLAGE OF BANCROFT.

1. VILLAGES—REINCORPORATION—EFFECT ON EXISTING RIGHTS OF ACTION.

An action against a village for injuries received upon a defective sidewalk before Act No. 3, Pub. Acts 1895, reincorporating thereunder all villages previously incorporated, took effect, may, under the saving provisions of chapter 14, § 8, be prosecuted under the former law.

2. SAME—CLAIM FOR DAMAGES—PRESENTATION TO COUNCIL—NOTICE.

Therefore, the injured person's failure to present his claim to the council for allowance, as required by chapter 5, § 7, of the act of 1895, and to give notice to the village clerk, within 60 days after the injury occurred, of his intention to hold the village liable for the damages sustained (chapter 7, § 7), will not, in such case, defeat a recovery, where no such provisions were contained in the law under which the defendant village was previously incorporated.

3. SIDEWALKS — CONDITION OF REPAIR — CONCLUSIONS OF WITNESSES.

In an action for injuries sustained upon a defective sidewalk, a witness, who had attempted to repair the walk several days before the accident, was asked the following questions: "What can you say, after you had got through your work on that walk, whether or not it was in good repair?" and "What can you say as to whether or not it was in a reasonably safe condition for public travel?" The witness had already testified fully as to the condition of the walk, and what he did in its repair. *Held*, that the questions calling for his conclusions were properly excluded.

4. SAME — NOTICE OF DEFECT — INSUFFICIENT REPAIRS—DEFENSES.

A village which has actual notice of a defect in a sidewalk cannot, by ordering it to be repaired by some one else, escape liability for an injury resulting from the defect, where the repairs were insufficient to render the walk reasonably safe for travel.

114 Mich.—16.

| 114 | 241 |
|---|---|
| 117 | 688 |

| 114 | 241 |
|---|---|
| 125 | 370' |

| 114 | 241 |
|---|---|
| s'72NW | 208 |
| 131 | ⁸ 11 |

| 114 | 241 |
|---|---|
| ͞ȷ155 | ²710 |

| 114 | 241 |
|---|---|
| 156 | ₁197 |

| 114 | 241 |
|---|---|
| 158 | 347 |

5. MARRIED WOMEN — ACTION FOR PERSONAL INJURIES — DAMAGES
   —INSTRUCTIONS—CORRECTION OF MISSTATEMENT.
   Where the charge, in an action for damages for a personal
   injury, included, as elements for which compensation should
   be awarded, medical attendance, nursing, inability to earn
   money, and loss of time, and, on suggestion of plaintiff's
   counsel, in the presence of the jury, that she was a married
   woman, and could not recover therefor, such elements were
   eliminated by striking them from the charge, there was no
   error.

Error to Shiawassee; Smith, J.  Submitted June 9,
1897.  Decided September 14, 1897.

Case by Mary E. Atherton against the village of Ban-
croft for personal injuries.  From a judgment for plaintiff,
defendant brings error.  Affirmed.

*Selden S. Miner* and *M. V. B. Wixom* ( *Timothy E.
Tarsney,* of counsel), for appellant.

*Watson & Chapman,* for appellee.

LONG, C. J.  This action was brought to recover for an
injury received by the plaintiff upon a defective sidewalk
in the defendant village on July 12, 1894.  The case was
tried before a jury, and a verdict and judgment entered
in favor of the plaintiff for $2,050.

Before the jury was impaneled and sworn, a motion
was made to dismiss the case upon the ground that the
declaration did not state a cause of action.  The reason
given by counsel for this contention was that it did not
appear by the declaration that the claim for damages for
the injuries had been presented to and passed upon by the
village council, as provided by Act No. 3, Pub. Acts
1895.  Section 7, chap. 5, of that act provides:

"The council shall audit and allow all accounts charge-
able against the village.  *   *   *   It shall be a sufficient
defense in any court to any action or proceeding for the
collection of any demand or claim against the village, for
personal injuries or otherwise, that it has never been pre-
sented, certified to or verified as aforesaid, to the council
for allowance.  *   *   *"

It is therefore insisted that under these provisions of the act the plaintiff could not maintain an action against the village until she had first presented her claim to the council for allowance, and that those facts must be set out in the declaration.

This act was approved February 19, 1895, and took immediate effect. The injuries complained of were received July 12, 1894, so that before the act was passed the right of action had accrued. By section 7, chap. 7, it is provided that:

"No village subject to the provisions of this act shall be liable in damages sustained by any person in such village, either to his person or property, by reason of any defective street, sidewalk, cross-walk, or public highway, or by reason of any obstruction, ice, snow, or other incumbrance upon such street, sidewalk, cross-walk, or public highway, situated in such village, unless such person shall serve or cause to be served, within 60 days after such injury shall have occurred, a notice in writing upon the clerk or deputy clerk of such village, which notice shall set forth substantially the time when and place where such injury took place, the manner in which it occurred, and the extent of such injury, as far as the same has become known, and that the person receiving such injury intends to hold such village liable for such damages as may have been sustained by him.  *  *  *"

It is evident from these and other provisions that it was not the intent of the legislature that the act should be regarded as retroactive. If the act is to be so treated, the plaintiff could not sustain this action in any event, for the injury occurred more than 60 days prior to the time the act was approved and took effect. These provisions already referred to must be read and construed in connection with other provisions of the act. The act is entitled "An act to provide for the incorporation of villages within the State of Michigan, and defining their powers and duties." Section 7, chap. 14, provides that:

"All villages heretofore incorporated under any general or special law of this State are hereby reincorporated under and made subject to the provisions of this act, such

reincorporation to take effect on the 25th day of February, A. D. 1895; and all general or special laws by ,virtue of which such villages have been incorporated are hereby repealed from and after the said 25th day of February, A. D. 1895."

By the provisions of this section, the act under which the village was incorporated was repealed, and a new corporation formed; and, but for the saving clause contained in the succeeding section, the contention of counsel for defendant would have great force. Section 8 provides:

"All villages reincorporated under and made subject to the provisions of this act, as provided in the preceding section, shall succeed to and be vested with all the property, real and personal, moneys, rights, credits, and effects, and all the records, files, books, and papers belonging to such villages as formerly incorporated; and no rights or liabilities either in favor of or against such former corporation, existing at the time of its reincorporation under or subject to the provisions of this act, and no suit or prosecution of any kind, shall be in any manner affected . by such change, but the same shall stand or progress as if no such change had been made, and all debts and liabilities of the former corporation shall be deemed to be the debts and liabilities of the new corporation. * * * *Provided*, that when a different remedy is given in this act, which can be made applicable to any rights existing at the time of the incorporation of the village under or subject to this act, the same shall be deemed cumulative to the remedies before provided, and may be used accordingly."

The cause of action having accrued in the present case prior to the time this act took effect, and more than 60 days having elapsed between the time of the injury and the taking effect of the act, the plaintiff was not in fault in not serving the notice required by this act. We think it clearly the intent of the legislature that causes of action arising prior to the taking effect of the act of 1895 may be prosecuted under the old law. It is not contended that the act under which the village was incorporated contained any provision requiring a party injured to present such claim to the council for audit and allowance before suit could be maintained. The court was not in error in

overruling this motion and proceeding to the trial of the cause.

Certain questions were raised upon the trial which are also presented here for consideration. Mr. Waldie was called as a witness, and he was asked:

"What can you say, after you had got through your work on that walk, whether or not it was in good repair? "What can you say as to whether or not it was in a reasonably safe condition for public travel?"

These questions were objected to, and excluded. It was the contention of plaintiff that this walk, south of South street, for several rods in extent, was old, rotten, worn out, with broken planks and holes; that this was the general condition of the whole walk. Mr. Warren, as well as the witness Waldie, was called by the defendant, and both were permitted to testify what they did in the repair of the walk several days before the injury occurred. They examined the walk, turned the boards to see which were loose, nailed down the loose ones, and claimed to have put in some new boards where any were needed. They were permitted to testify fully as to the condition of the walk, and what they did in its repair. Under such circumstances, we think the court was not in error in excluding the answers to the above questions. It was calling for a conclusion, and there was no occasion for expert testimony in the case. This question was settled in *Girard* v. *City of Kalamazoo,* 92 Mich. 612, and cases there cited.

It is contended that the court was in error in giving the plaintiff's fifth request to charge, as follows:

"If the village of Bancroft had actual notice of the defective condition of said walk, it could not order it to be repaired by some one else, and pay no further attention to it, but, after having such actual notice, it should see that it was repaired in a reasonable time, and put in a reasonably safe condition for travel in the daytime and in the night-time."

We think the court was not in error in giving this re-

quest. It was the claim upon the part of the defendant that there was no liability, because it had ordered the walk repaired by Mr. Warren, a member of the village council, and a member of the street committee. The village could not escape liability for injuries arising from the defective sidewalk by directing its repair. It had notice of the walk's actual condition, and was bound to put it in a condition reasonably safe and fit for public travel. It was out of repair for nearly 60 rods, the boards being laid upon rotten stringers, and many of the boards themselves rotten. All the repairs that Warren and Waldie claim to have made were turning some of the boards over and nailing them down, and putting in three or four new pieces. No new stringers were put in. The plaintiff was injured by stepping on a board in the walk, which flew up, tripping her, and she fell to the ground, and was seriously injured. While all the testimony is not here, the record itself states:

"Plaintiff produced several witnesses who gave evidence tending to show that the walk was defective, and had been so for one year or more, and that she was permanently injured, and made a cripple for life."

Aside from the first question discussed, counsel for defendant most strenuously urge that the court was in error in its instruction to the jury upon the question of damages. The court gave the following in place of the ninth request:

"I read from the 82d Mich., page 383 [*Sherwood* v. *Railway Co.*], as follows: 'In estimating the compensatory damages in cases of this character, all the consequences of the injury, future as well as past, are to be taken into consideration, including the bodily pain which is shown by the proof to be reasonably certain to have resulted from the injury. The injured party, when entitled to recover, should be awarded compensation for all the injuries, past and prospective. These are intended to embrace and include indemnity for actual nursing and medical expenses; also for loss of power or loss of capability to perform hard labor, or capacity to earn money,

and reasonable satisfaction for loss of physical powers.
The elements of damages which the jury are entitled to
take into account consist of all the effects of the injury
complained of, consisting of personal inconvenience, sick-
ness which the plaintiff endured, loss of time, bodily and
mental suffering, impairment of capacity to earn money,
the pecuniary expenses, the disfigurement or permanent
annoyance which is liable to be caused by the deformity
resulting from the injury; and, in considering what would
be a just sum in compensation for the sufferings or injury,
the jury are at liberty, not only to consider the bodily
pain, but the mental suffering, anxiety, suspense, and
fright may be treated as elements of the injury for which
damages by way of compensation should be allowed.
And as these last-mentioned elements of damage are in
their very nature not susceptible of any precise or exact
computation, the determination of the amount is com-
mitted to the judgment and good sense of the jury.   And
if you find for the plaintiff, such sum should be awarded
as will fairly and fully compensate her for all damages
which she has sustained, consisting of the elements referred
to, not exceeding in amount the sum claimed in the dec-
laration,'—which in this case is the sum of $10,000."

At this point in the charge, plaintiff's counsel, interrupt-
ing, said:

"Your honor, the plaintiff is a married woman, and we
cannot recover for medical attendance, nursing, inability
to earn money, or loss of time.

"*The Court:* If I read anything in that relation, you
will not consider it.   That belongs to the husband, and
that will be stricken out.   This is for personal injuries.
In this action I also instruct you that the plaintiff is not
entitled to recover, and you have no right to award her,
any damages by way of punishment of any one, or of the
village, or of its officers, or inhabitants thereof.   If the
plaintiff is entitled to recover at all, it can only be such
damages as will compensate her; nothing more."

Notwithstanding this correction, it is insisted that the
court was in error.   We think the court, when his atten-
tion was called to his misstatements, eliminated from the
minds of the jury any erroneous impression that they
might have received from his charge upon the question of

measure of damages.  Counsel for plaintiff interrupted the charge, and admitted in the presence of the jury that the plaintiff could not recover for medical attendance, nursing, and inability to earn money, or for loss of time. With this correction in the general charge, we think there was no error.

Some other questions are raised, which we do not think of sufficient importance to discuss.   From an examination of the whole record, we think a fair trial has been had, and we find nothing in it prejudicial to the rights of the defendant.

The judgment must be affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. HOOKER, J., did not sit.