HAJDUK v. REVERE COPPER & BRASS, INC.

1. Master and Servant—Finding of Department of Labor and Industry—Eye Injury.

   Finding of department of labor and industry that notice of injury to eye of employee was communicated to employee's foreman is accepted where testimony is conflicting (2 Comp. Laws 1929, § 8431).

2. Same—Notice to Foreman Sufficient.

   Notice to foreman or immediate superior of employee is notice to employer (2 Comp. Laws 1929, § 8431).

3. Same—Statutes of Limitations.

   Statute of limitations referred to in 2 Comp. Laws 1929, § 8431, as suspended in favor of employee until employer files report of accident involved is the six-months' statute provided in the same section and not the six-years' general statute of limitations (3 Comp. Laws 1929, § 13976).

4. Same—General Statute of Limitations.

   General statute of limitations does not apply to proceeding brought under the workmen's compensation act before department of labor and industry since it is not a court and proceeding before it is not an action (3 Comp. Laws 1929, § 13976).

5. Same—Eye Injury—Total Blindness—Proceeding to be Commenced Within Reasonable Time.

   Award for loss of sight of left eye, on petition filed over 10 years after injury causing same, held, barred for failure to commence proceeding within a reasonable time, notwithstanding employee remained employed by same employer until total blindness followed nearly 10 years later than injury and employer never filed a report of the accident (2 Comp. Laws 1929, § 8431).

Appeal from Department of Labor and Industry. Submitted June 5, 1934. (Docket No. 18, Calendar No. 37,787.) Decided July 2, 1934.

John Hajduk presented his claim against Revere Copper & Brass, Incorporated, a Michigan corporation, for an accidental injury alleged to have been sustained while in defendant's employ. Award to plaintiff. Defendant appeals. Reversed.

*Cyrowski, Cyrowski & Cyrowski* (*Edward F. Traver,* of counsel), for plaintiff.

*Clark, Klein, Ferris & Cook* (*Joseph H. Parsons,* of counsel), for defendant.

EDWARD M. SHARPE, J.  October 15, 1922, plaintiff was engaged in defendant's plant in moving metal bars from an acid bath to a water bath. In this process some of the water containing a percentage of acid splashed into plaintiff's left eye causing pain and a burning sensation. Plaintiff washed his eye with clean water and continued with his work. The eye became inflamed and tears and matter came from it. Three days later he lost the sight of this eye, but continued in the employ of the defendant company, being transferred from one job to another until April 27, 1932, when he became totally blind and was discharged. May 5, 1933, plaintiff filed a claim for compensation, asserting that the loss of sight in the left eye was due to the acid getting into it and that the loss of sight in the right eye was caused by sympathetic opthalmia. The department of labor and industry awarded plaintiff compensation for the loss of sight of his left eye.

Plaintiff contends that, while he did not give the defendant company written notice of claim for compensation, the statute of limitations within the compensation act is not a bar to relief because the company had actual notice of the injury; that at the

time of the accident and injury he told his foreman by words, signs and gestures that he had injured his eye and later lost the sight of it.

The defendant contends that its failure to report the accident and injury was due to the fact that it had no actual knowledge or notice of the injury; and further that a claim made for the first time nearly 10 years after the happening of the accident is barred by the general statute of limitations.

There was some dispute in the testimony as to whether plaintiff had communicated the fact of his injury to defendant's foreman, but as to this matter the conclusion of the department must be accepted and we must assume that plaintiff succeeded in communicating the fact of the injury to the foreman under whom he worked.

Defendant claims that notice to the foreman was not enough and that the officer of the company having charge of compensation claims should have been notified. We cannot agree with this contention. Notice to the injured employee's foreman or immediate superior is notice to the employer. *Bates & Rogers Construction Co.* v. *Emmons,* 205 Ky. 21 (265 S. W. 447); *Kingston-Pocahontas Coal Co.* v. *Maynard,* 209 Ky. 431 (273 S. W. 34); *Jeremiah Murphy's Case,* 226 Mass. 60 (115 N. E. 40); *Bertha B. Simmons' Case,* 117 Maine, 175 (103 Atl. 68); *Page* v. *State Ins. Fund,* 53 Idaho, 177 (22 Pac. [2d] 681), and cases cited therein.

The compensation act provides that claim for compensation shall be made within six months after the occurrence of the injury and provides:

"That in all cases in which the employer has been given notice of the happening of the accident, or has notice or knowledge of the happening of the acci-dent, within three months after the happening of

the same, and fails, neglects, or refuses to report said accident to the industrial accident board as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of either said employer or his insurer, until a report of said accident shall have been filed with the industrial accident board." 2 Comp. Laws 1929, § 8431.

The general statute of limitations reads as follows (3 Comp. Laws 1929, § 13976):

"All actions in any of the courts of this State shall be commenced within six years next after the causes of action shall accrue, and not afterward, except as hereinafter specified."

The statute of limitations referred to in section 8431 of the compensation act means the limitation within the act and not the general statute of limitations. The purpose of the general statute of limitations is to fix some time at which litigation concerning a subject matter must be at an end as well as to limit the possibility of fraud which arises from unreasonable delay in bringing actions or asserting claims. One of the objects of the compensation act was to secure a speedy and inexpensive method of adjusting compensation claims. While the general statute of limitations has no application in the instant case because the department of labor and industry is not a court and a proceeding before it is not an action, yet we can conceive of no reason why there should not be a limit of time within which a proceeding for compensation should be commenced. That limit of time must be a reasonable one, which by analogy to the statute of limitations will be deemed to be six years. *Cruse* v. *Railway Co.,* 138 Kan. 117 (23 Pac. [2d] 471).

This is in no way inconsistent with the recent case of *Jelusich* v. *Wisconsin Land & Lumber Co.*, 267 Mich. 313, wherein we held that the general statute of limitations did not apply to petitions for review of payments upon a change in condition where there has already been an award. That case, not being an action for collection of payments already due on an award, did not come within the holdings of *Buzzn* v. *Muncey Cartage Co.*, 248 Mich. 64, or *Gallup* v. *Western Board & Paper Co.*, 252 Mich. 68, in regard to the statute of limitations. On the other hand, it presented very different considerations from the situation in the present case wherein the plaintiff made no move to obtain any compensation whatsoever until more than 10 years had elapsed from the time of injury.

The award is vacated, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.