## ARDELIAN v. FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—GENERAL STATUTE OF LIMITATIONS.
   General statute of limitations does not apply to proceeding brought under the workmen's compensation act before department of labor and industry since it is not a court and proceeding before it is not an action (3 Comp. Laws 1929, § 13976).

2. SAME—EYE INJURY—PROCEEDING TO BE COMMENCED WITHIN REASONABLE TIME.
   Award for loss of sight of right eye, on petition filed over 10 years after injury *held*, barred for failure to commence proceeding in a reasonable time, notwithstanding employee remained employed by same employer which never notified department of labor and industry of the injury or demand for compensation.

3. SAME—AWARDS—ENFORCEMENT IN COURT—GENERAL STATUTE OF LIMITATIONS.
   Proceedings in court to enforce awards of the department of labor and industry would be barred by general statute of limi-

tations where all compensation to which plaintiff might have been entitled had become due and payable more than six years before action was taken for its recovery (Comp. Laws 1929, §§ 8452, 13976).

POTTER, C. J., dissenting.

Appeal from Department of Labor and Industry. Submitted April 2, 1935. (Docket No. 20, Calendar No. 38,225.) Decided June 3, 1935. Rehearing denied October 30, 1935.

George Ardelian presented his claim against the Ford Motor Company for an accidental injury alleged to have been sustained while in defendant's employ. Award to plaintiff. Defendant appeals. Reversed.

*Gloster, Giller & Briggs,* for plaintiff.

*E. C. Starkey* and *Frank A. Nolan,* for defendant.

EDWARD M. SHARPE, J. I am not in accord with the opinion of Mr. Justice POTTER. This case is ruled by *Hajduk* v. *Revere Copper & Brass, Inc.,* 268 Mich. 220. Both cases involved an eye injury; each employer was notified of the injury through his agent and employee; each of the injured employees continued in the employ of his employer after the injury; and in each case the employer failed to notify the department of labor and industry of the injury or demand for compensation; and further, no action was taken to gain compensation until more than 10 years after the date of the injury.

We said in *Hajduk* v. *Revere Copper & Brass, Inc., supra,*

"While the general statute of limitations* has no application in the instant case because the depart-

* See 3 Comp. Laws 1929, § 13976.—REPORTER.

ment of labor and industry is not a court and a proceeding before it is not an action, yet we can conceive of no reason why there should not be a limit of time within which a proceeding for compensation should be commenced. That limit of time must be a reasonable one, which by analogy to the statute of limitations will be deemed to be six years. *Cruse* v. *Railway Co.,* 138 Kan. 117 (23 Pac. [2d] 471).''

Moreover, awards of the department of labor and industry can only be enforced by proceedings in a proper court † and the general statute of limitations would be a bar to such proceedings as in the case at bar where all the weekly compensation to which plaintiff might have been entitled had become due and payable more than six years before action was taken for its recovery. See *Gallup* v. *Western Board & Paper Co.,* 252 Mich. 68.

The award is vacated, with costs to defendant.

NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL and BUSHNELL, JJ., concurred with EDWARD M. SHARPE, J.

POTTER, C. J. (*dissenting*). Plaintiff was employed by defendant, Ford Motor Company. He claims to have been injured in October, 1923. Claim for compensation was not filed until May 15, 1934.

Defendant denies plaintiff's condition is due to his injury while in the employ of defendant and pleads the statute of limitations.

There was testimony to show plaintiff, before he went to work for defendant, was examined physically and his eyes were examined and tested, and that he could see all right prior to the injury.

He worked in the hammer department of defendant, in which hot steel is forged by hammers. He

---

† See 2 Comp. Laws 1929, § 8452.—REPORTER.

was cleaning underneath the furnace in which the steel is heated, and there was a lot of hot oil in the bottom. While so engaged, some hot steel fell into the oil, igniting it, causing an explosion which temporarily blinded plaintiff who cried out, "My eyes is all burned up; I cannot see."

He was assisted from the place, sent to the first aid department of defendant, then transferred to the Henry Ford Hospital where he remained for about two weeks, and then he was sent to Harper Hospital where he was treated for a considerable time, all at the expense of defendant. He then went back to work for defendant, sweeping in a school building; and was later given a job with blind men, counting screws.

The usual medical experts were sworn. They disagree as to the amount of vision possessed by plaintiff. There was testimony indicating he is industrially blind; that his left eye is perfectly good; and that his eyes were not injured at all while in the employ of defendant, but his condition is a result of disease.

The department found:

"The plaintiff, at close range, was struck in both eyes—more particularly in the right eye,—by the flying hot oil and debris, so that he was temporarily blinded.

"A Mr. Kovary, whose duty it is to watch the men at work, was an eyewitness of this accident, and testified that he saw the injured man staggering around in the smoke crying out that his eyes had been burned out. He went to the assistance of the injured man, and led him to the first aid station. Plaintiff's injured eyes were treated for several weeks by the defendant's doctors, at their factory hospital, and he was then sent to the Henry Ford Hospital for an examination. The defendant com-

pany then had the man admitted to Harper Hospital, at their expense, where the injured eyes were treated for several months. During this time, plaintiff had repeatedly requested compensation, and checks were paid, through their welfare department, to him for 22 weeks. The defendant failed to file a report with the department of labor and industry. The plaintiff was placed back to work on the blind man's bench by the defendant—a light, sitting job, counting screws, not requiring the use of his injured eyes. He was continued on such work until December, 1930, at which time he was let out of the defendant's employ, until 1933.

"The right eye is conceded by the defendant to be industrially blind and the deputy commissioner awarded $1,400 for the specific loss."

There is testimony defendant paid plaintiff for time lost while off duty as a result of the accident— what they called welfare help—something like $18 a week for 22 weeks.

Appellant claims plaintiff's claim is barred by the statute of limitations (3 Comp. Laws 1929, § 13976), and relies upon *Hadjuk* v. *Revere Copper & Brass, Inc.*, 268 Mich. 220.

Here, the plaintiff was all right prior to the injury. His eyes had been examined when he was employed. The testimony in relation to the manner of plaintiff's injury is not disputed. It is conceded he was treated in the first aid department, in the Ford Hospital and in Harper Hospital, at defendant's expense; was paid welfare help by defendant; and put back to work and employed among the blind men in defendant's employ, for several years. It is conceded no report of this accident was ever filed by defendant. After plaintiff was discharged from defendant's employ, he instituted proceedings.

The statute provides for giving notice of the injury to the employer. It provides that in all cases in which the employer has notice or knowledge of the happening of the accident within three months after the happening of the same, "and fails, neglects or refuses to report said accident to the industrial accident board as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of either said employer or his insurer, until a report of said accident shall have been filed with the industrial accident board." 2 Comp. Laws 1929, § 8431.

Under the circumstances, the statute of limitations did not run against plaintiff's claim. There was ample evidence to sustain the fact of injury, and the notice and knowledge of the defendant.

The award of the department should 'be affirmed.