AIELLO *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—FINDING OF DEPARTMENT—EVIDENCE --CERTIORARI.

On appeal in the nature of certiorari from award to employee by department of labor and industry, where there is evidence to sustain its findings that there was an accidental injury, that it resulted in loss of an eye, that employer received notice as required by statute and that an unequivocal claim for compensation was made within six months, such findings must stand affirmed (2 Comp. Laws 1929, § 8431).

2. SAME—NOTICE OF INJURY—COMPLAINT TO FOREMAN AND COMPANY DOCTOR.

Evidence that employee complained of eye injury to his foreman who sent him to company doctor who sent him to company hospital *held,* sufficient evidence of notice of injury to comply with statute (2 Comp. Laws 1929, § 8431).

3. SAME—CLAIM FOR COMPENSATION.

Record *held,* sufficient to sustain finding of department of labor and industry that employer received unequivocal claim for compensation notwithstanding incompetent testimony of an employer's employee as to plaintiff's inquiry as to compensation through an interpreter (2 Comp. Laws 1929, § 8431).

4. SAME—GENERAL STATUTE OF LIMITATIONS—PLEADING—DENIAL OF
   LIABILITY.
   General statute of limitations may not be urged on appeal from
      award of department of labor and industry of compensation
      for injury occurring December 18, 1926, for which claim was
      filed on October 12, 1933, where that statute was not included
      in denial of liability at hearing before department (3 Comp.
      Laws 1929, § 13976).

Appeal from Department of Labor and Industry.
Submitted April 2, 1935. (Docket No. 22, Calendar
No. 38,076.) Decided October 11, 1935.

Francesco Aiello presented his claim for compensation against Ford Motor Company for accidental injury sustained while in its employ. Award to plaintiff. Defendant appeals. Affirmed.

*Samuel Charfoos,* for plaintiff.

*E. C. Starkey* (*Ward Culver,* of counsel), for defendant.

NORTH, J. This is a review by certiorari of an award of compensation made by the department of labor and industry in favor of plaintiff and against the defendant Ford Motor Company. It is plaintiff's claim that while engaged by the defendant in cutting metal with hand shears on the 18th day of December, 1925, he sustained an injury to his right eye. While the record is lacking in direct testimony, inferentially it appears that while plaintiff was so engaged some foreign substance entered his eye. He testified:

"At that moment just I feel sore. I rubbed a little bit with my hand on my eye, and start to working. * * *

"*Q.* Now, Francesco, can you think of any place that the thing that hit you in the eye could have come from other than the piece of steel?

"*A.* He come from the box (containing the metal). * * *

"*Q.* Francesco, are you sure something hit your eye?

"*A.* Sure."

About 17 or 18 hours after it happened plaintiff reported the injury to defendant's hospital and received first aid; but shortly he was told that for further treatment he must go to his own doctor. Thereupon plaintiff consulted Dr. Sisson. He was not able to return to his work for two months or more, during a part of which time he was confined in Harper Hospital. Later he returned to defendant's employ and continued for 6 or 7 years. On the 4th day of February, 1926, the employer made report of the accident wherein it was stated that plaintiff's disability had continued for 7 weeks and 1 day but evidently, for reasons which appear from the following, reported it as a noncompensable accident. We quote from the report:

"Employee is authority for statement that he was doing his regular work when he noticed pain in his right eye. He does not know what caused pain as he had no recent injury to the eye. Nothing struck the eye nor did he feel any foreign body enter his eye. The air was clear and free from dust. Nothing any different or out of the ordinary happened except that he began to notice pain. Not accidental. Noncompensable."

The condition of plaintiff's injured eye became more serious. It was removed about two years after the accident. Plaintiff's application for adjustment of claim was received and filed by the department of

labor and industry October 12, 1933. In its denial of liability defendant asserted plaintiff did not receive an accidental injury arising out of and in the course of his employment. Appellant now submits incident to its appeal the four following questions:

1. Is there any evidence of an accident?
2. Was the loss of the eye a result of the alleged injury?
3. Did defendant receive notice of injury within three months of the alleged accident, as provided in 2 Comp. Laws 1929, § 8431?
4. Did plaintiff make an unequivocal claim for compensation within six months of the alleged accident?

Consideration of the record on appeal discloses that testimony was given in support of plaintiff's contention as to questions one and two. Relative to each of them an issue of fact was presented. This issue was decided by the department of labor and industry in favor of plaintiff. Review being on certiorari each of such findings must be allowed to stand.

The same is true of question three. There is testimony that soon after the accident plaintiff told his foreman that plaintiff had hurt himself, that his eye hurt him or was paining him; and thereupon the foreman gave plaintiff a pass to the company's doctor who sent him to the company's hospital where he received first aid. On this phase of the case we quote the following from appellant's brief:

"Defendant's witness, Dr. Hileman, testified that he examined plaintiff's eye at 12:35 a. m., December 18, 1925. From plaintiff's testimony, it appears that he claims to have gone to the 'first aid' about 17 hours after the alleged accident. He claims that the doctor there just looked at his eye, and sent him

to the main hospital at gate No. 5 in the Rouge plant. He claims to have told the doctor at the main hospital, 'I am hurt, but I don't know sure who jump in my eye.  *   *   *   I jump something in my eye, but I am not sure.' He claims that the doctor put medicine in his eye and told him to come back the next day; that he did so and the doctor put medicine in and told him to go to the doctor outside—*i. e.,* his own doctor.''

Relative to the fourth question presented by appellant, we quote the following from its brief:

''Clarence E. Moore testified that he had charge of the 'compensation' at the Rouge plant. In a report to his superior, Mr. Walters, at the Highland Park plant, dated March 11, 1926, he stated that the employee (plaintiff) 'had an interpreter with him who inquired relative to compensation.' On cross-examination, however, he testified, 'Why, I am pretty sure that he claimed compensation. It (evidently referring to his report) says so.' ''

Notwithstanding appellant's contention that the testimony of this witness whereby a construction was put upon his own report is incompetent, it is clear that in the portion of the record to which appellant's brief refers, as well as in other portions of the record, there is testimony that plaintiff did demand compensation of the employer within six months after the alleged accident. On the phase of the case to which questions three and four refer, the department of labor and industry found in favor of plaintiff. There being testimony tending to sustain such finding, it must be affirmed.

Appellant's former counsel did not include in the denial of liability at the hearing before the department the defense of the general statute of limitations (3 Comp. Laws 1929, § 13976). That defense has not been, and, because of the limited issue presented to

the commission, could not be urged in appellant's brief on this appeal. The only statutory limitations stressed by defendant on this appeal are those provided in 1 Comp. Laws 1929, § 8431; and defendant has specifically limited this phase of its defense to the cited statute. For that reason *Hajduk* v. *Revere Copper & Brass, Inc.,* 268 Mich. 220; *Ardelian* v. *Ford Motor Co.,* 272 Mich. 117; and *Stone* v. *Ford Motor Co.,* 272 Mich. 139, in each of which decision turns on the pleaded general statute of limitations, are not controlling of decision herein.

The award is affirmed, with costs to appellee.

NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with NORTH, J. POTTER, C. J., concurred in the result.