HENRY *v.* FORD MOTOR CO.

WORKMEN'S COMPENSATION—ARM INJURY—PROCEEDINGS TO BE COM-MENCED WITHIN REASONABLE TIME.

Award to employee, a pump repair man, for total disability for loss of use of arm, on petition filed within a week of seven years after injury causing same, *held,* barred for failure to commence proceeding within a reasonable time, notwithstanding employee remained employed by same employer until plant shut down and employer filed report as of noncompensable accident (2 Comp. Laws 1929, § 8431).

Appeal from Department of Labor and Industry. Submitted June 5, 1935. (Docket No. 33, Calendar No. 38,283.) Decided October 30, 1935.

William Henry, Sr., presented his claim against Ford Motor Company for compensation for accidental injury resulting in loss of use of an arm. Award to plaintiff. Defendant appeals. Reversed.

*Derham & Derham,* for plaintiff.

*Chas. D. Symonds* and *Ray E. MacAllister,* for defendant.

Bushnell, J. We quote the following statement of facts from a part of the opinion of the department:

"The record shows that the plaintiff was a pump repair man and had been such for a period of 20 years or more prior to the time he started working for the defendant and that he still engaged in this type of work when he worked for the defendant until he was injured May 10, 1927. He testified it took him three or four years to learn to do this work. He had worked for defendant about four years before the accident. He was required to repair, oil and look after two large pumps, weighing from 1,900 pounds to 2,000 pounds, and a number of smaller rotary pumps weighing around 300 pounds. He had to keep them in repair and running order. * * *

"On the 10th day of May, 1927, plaintiff, while carrying a monkey wrench and hammer caught his foot on a pipe runway which tripped him up and as he was falling he held out an arm trying to catch himself and the weight of his body fell against a steel column, dislocating his right shoulder. He was immediately taken to defendant's first aid department and from there to the defendant's hospital, where he

was treated by Dr. Alexander. * * * An anesthetic was administered and Dr. Alexander put the bones of the arm back in the socket and bandaged the plaintiff's arm tight to his body. The following day he went to work. This bandage remained on his body for about two months. During that time the defendant assigned to him two helpers. * * * About a month after he returned to work and while his arm was still bandaged and in a sling, he had a talk with Jack Wilson, superintendent of the distillation plant. He asked Mr. Wilson for compensation and he testified that Wilson replied as follows:

" 'Go ahead and do what work you can with one hand.' It is fairly well established in the record that the plaintiff worked for quite a period of time after that with one hand, that he carried his arm in a sling for about two months. * * * During that time he did practically no work but he did supervise the pump repairs made by Plosky and Bass. After his arm was taken out of the sling Plosky was put at other work and Bass continued to help plaintiff. The plaintiff testified that he worked with one hand all that summer.

"Defendant filed a report of noncompensable accident on May 27, 1927, but no report of compensable accident was ever filed."

The medical experts agree that plaintiff, at the time the testimony was taken, July 24, 1934, could not raise his right arm more than 90 degrees. When defendant's distillation plant was shut down in the summer of 1932, plaintiff was transferred to the body plant where he worked on planers until he "played out." He said, "My arm got lame and I had to quit." He was then taken to the hospital, treated and given lighter work and after the body plant shut down in March of 1933 he was laid off entirely.

The petition for compensation dated May 3, 1934, was filed within one week of seven years after the

accident. The deputy awarded $9 per week for partial disability from March 15, 1933, from which both parties appealed. The department affirmed the award "with the modification that compensation be paid at the rate of $14 per week during the period of total disability from and after the 5th day of May, 1928."

Defendant pleaded a lack of disability, and that plaintiff's rights were barred by both the general and special statutes of limitation (Comp. Laws 1929, §§ 13976, 8431). At the time of argument before the department, we had not yet published *Hajduk* v. *Revere Copper & Brass, Inc.,* 268 Mich. 220, although our opinion in *Jelusich* v. *Wisconsin Land & Lumber Co.,* 267 Mich. 313, was available and argued, both of which cases defendant claims control the questions before us.

It seems unnecessary to repeat that which we have so recently stated. The facts herein recited fall squarely within our holding in *Hajduk* v. *Revere Copper & Brass, Inc., supra.* See, also, *Ardelian* v. *Ford Motor Co.,* 272 Mich. 117, and *Stone* v. *Ford Motor Co.,* 272 Mich. 139.

Plaintiff's claim for compensation was barred by the lapse of time.

The award is vacated, with costs to appellant.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.