SCALZO *v.* FAMILY CREAMERY CO.

1. WORKMEN'S COMPENSATION—TOTAL DISABILITY—FURTHER COMPENSATION—FINAL SETTLEMENT RECEIPT.

After cessation of payments for total disability, the department of labor and industry may properly consider a plaintiff's petition for review of payments and for further compensation thereafter filed where the department had not approved a final settlement receipt.

2. SAME—DURATION OF PAYMENTS.

On petition for review of payments and for further compensation, the award by the department of labor and industry was properly limited to period commencing six years prior to filing of the petition and ending on date of expiration of 500-week compensable period.

3. SAME—DEPARTMENT OF LABOR AND INDUSTRY—CERTIFICATES—CIRCUIT COURT.

The only purpose of proceedings in a circuit court on certificate of the department of labor and industry is to collect the award made by the department (2 Comp. Laws 1929, § 8452, as amended by Act No. 15, Pub. Acts 1934 [1st Ex. Sess.]).

Appeal from Wayne; Moll (Lester J.), J. Submitted April 13, 1944. (Docket No. 77, Calendar No. 42,436.) Decided May 17, 1944.

John Scalzo filed certificate from department of labor and industry in circuit court. Judgment against Family Creamery Company, employer, and American Employers Insurance Company, insurer, entered thereon. Motion to modify judgment denied. Defendants appeal. Affirmed.

*Charfoos & Gussin,* for plaintiff.

*Alexander, McCaslin, Cholette & Buchanan,* for defendants.

Starr, J. This case involves the application, by analogy, of the six-year statute of limitations (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941 [Comp. Laws Supp. 1943, § 13976, Stat. Ann. 1943 Cum. Supp. § 27.605]) to plaintiff's claim for workmen's compensation. Such statute provides in part:

"All actions in any of the courts of this State shall be commenced within six years next after the causes of action shall accrue, and not afterward."

On June 17, 1927, plaintiff sustained injuries arising out of and in the course of his employment and in pursuance of agreement was paid workmen's compensation of $14 per week for total disability to July 20, 1927. As the department of labor and industry did not approve the final settlement receipt, it could properly consider plaintiff's petition for review and further compensation filed April 16, 1941. *Hurst* v. *Ford Motor Co.,* 276 Mich. 405; *Weaver* v. *Antrim Iron Co.,* 274 Mich. 493. Upon hearing, the deputy commissioner awarded compensation for total disability for the period from April 16, 1935 (six years prior to the date on which plaintiff filed petition for further compensation), to January 14, 1937, that being the date of the expiration of the 500-week compensable period. On review, such award was affirmed by the department July 8, 1942. No appeal was taken.

A certificate of the department's award was filed in the circuit court for Wayne county on August 11, 1942, and judgment was entered for plaintiff in the amount of $1,281 (2 Comp. Laws 1929, § 8452, as amended by Act No. 15, Pub. Acts 1934 [1st Ex. Sess.] [Comp. Laws Supp. 1940, § 8452, Stat. Ann.

§ 17.187]). On August 24th defendants filed motion to reduce said judgment to the sum of $308, on the ground that the statute of limitations barred instalments of compensation which had accrued more than six years prior to the circuit court proceedings, that is, prior to August 11, 1936. The trial court entered order denying defendants' motion to reduce the judgment, and having obtained leave, they appeal.

Defendants admit liability for compensation for the period from August 11, 1936, to January 14, 1937, but contend that all weekly instalments of compensation which accrued prior to August 11, 1936, are barred by the statute. Plaintiff claims that the statute extended from April 16, 1941, and that he is entitled to compensation, as awarded, from April 16, 1935, to January 14, 1937. The decisive question is whether the statute of limitations extended from April 16, 1941, the date plaintiff filed claim for further compensation, or from August 11, 1942, the date the award was filed and judgment entered in circuit court. In the case of *Sweet* v. *Eddy Paper Corp.*, 303 Mich. 492, 497, we said:

"The award of the department should be limited to a period of six years prior to the date of the filing of the petition (for further compensation)."

See *Weaver* v. *Antrim Iron Co., supra; Hajduk* v. *Revere Copper & Brass, Inc.*, 268 Mich. 220; *Buzzn* v. *Muncey Cartage Co.*, 248 Mich. 64.

Under the facts and circumstances of this case, we conclude that the filing of claim for review and further compensation on April 16, 1941, tolled the running of the statute and that plaintiff was entitled to compensation from the beginning of the six-year period, that is, from April 16, 1935, to the end of the 500-week compensable period. The department properly applied the statute by limiting its award to such period. The only purpose of the proceedings

in circuit court was to collect the department's award.

We agree with the trial court, who said in part:

"It is my opinion that plaintiff's right to compensation was determined in the award of the department; that the statute of limitations should have been and was properly applied in the proceeding before the department; that recourse to this court was to facilitate collection of the award."

The trial court's order denying defendants' motion to reduce the judgment is affirmed. Plaintiff shall recover costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.