TARNOW v. RAILWAY EXPRESS AGENCY.

1. WORKMEN'S COMPENSATION—CONTROLLING LAW.
   An injured employee's right to workmen's compensation is controlled by the law in effect at the time the right to compensation springs into existence.

2. SAME—FURTHER COMPENSATION—SUBSEQUENT INABILITY TO WORK —TIME.
   An injured employee's right to workmen's compensation which arose in 1938 became subject to review upon a petition for further compensation filed in October, 1949, 17 months after expiration of 500 weeks after injury and after he was unable to work in 1944, notwithstanding an amendment of the workmen's compensation act of 1943 imposing a limitation upon the time for which compensation was recoverable preceding the filing of a petition therefor (CL 1929, § 8453, as amended by PA 1943, No 245).

3. SAME—PETITION FOR FURTHER COMPENSATION—JURISDICTION OF COMMISSION.
   A petition for further workmen's compensation does not present a new case or a new cause of action and the jurisdiction of the workmen's compensation commission is not divested by the employee's resumption of lighter work and the abatement of compensation during such employment.

4. STATUTES—PROSPECTIVE OPERATION.
   Generally, a statute is to be construed as having a prospective operation only, unless its terms show clearly a legislative intention that its terms should operate retrospectively.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 301.
[1, 2, 6–8] Time to be considered in determining whether a case is within the earlier or later provisions of the workmen's compensation act, as regards compensation recoverable.   82 ALR. 1244.
   Retroactive effect of provision for reduction or increase of. award under workmen's compensation act.   40 ALR 1473.
[2, 6–8] 58 Am Jur, Workmen's Compensation §§ 318, 409, 514.
[3] 58 Am Jur, Workmen's Compensation § 499.
[4, 5, 8] 50 Am Jur, Statutes §§ 477, 478.

5. Same—Retroactive Construction—Vested Rights.

Courts are loth to give retroactive effect to statutes especially when, by so doing, it would disturb contractual or vested rights.

6. Workmen's Compensation — Further Compensation — Amendment of Statute.

A claim for workmen's compensation arising under the workmen's compensation act as it stood in 1938 would not be affected as to subsequent statutory increases in amount nor insofar as the injured employee's right to further compensation is concerned by a 1943 amendment limiting the right to payments on petitions for further compensation, notwithstanding the fact that his petition for review of payments was not filed until October of 1949 (CL 1929, § 8453, as amended by P.A 1943, No 245).

7. Same—General Statute of Limitations—Further Compensation.

Application of general 6-year statute of limitations to restrict recovery of payments of workmen's compensation would be improper, where the workmen's compensation act at time of injury specifically permitted an award of compensation on petition for further compensation for the unexpired portion of the 500-week period even though the petition for review was not filed until after the expiration of such period and the award covered a period within 6 years prior to date of filing of the petition (CL 1929, § 8453; CL 1948, § 609.13).

8. Same—Further Compensation—Amendment—Retroactive Operation.

Amendatory statute limiting time for which payments of further workmen's compensation may be recovered to 1 year preceding date for filing petition therefor does not operate to curtail rights of employee who had suffered injury prior to enactment of the amendment which contained no language indicating such amendment was to be given retroactive effect (CL 1929, § 8453, as amended by P.A 1943, No 245).

Appeal from Workmen's Compensation Commission.  Submitted June 12, 1951.  (Docket No. 50, Calendar No. 45,075.)  Decided December 3, 1951.

H. A. Tarnow presented his petition for further compensation against Railway Express Agency, employer. Award to plaintiff. Defendant appeals. Affirmed.

*Edward J. Ryan,* for plaintiff.

*Joseph S. Folz,* for defendant.

BUSHNELL, J. Plaintiff Herbert A. Tarnow, on October 10, 1938, while loading a packing case at the Kalamazoo station of defendant Railway Express Agency, slipped and injured his back. He was paid compensation to December 24, 1938, when he returned to work to help out during the holiday rush season. A settlement receipt was then filed and approved.

Tarnow's work thereafter was of a clerical nature and did not involve heavy lifting. Although wearing a brace, he suffered increasing pain and was unable to continue work after March 10, 1944.

A complete physical examination with a myelogram, on August 11, 1949, showed a "ruptured intervertebral disc, or a nucleus pulposus." A persistent lumbar defect was observed with a fluoroscope. An operation performed in October of 1949 disclosed an old ruptured disc, described by his physician as "pretty well disintegrated, battered up; an old disc in the spaces between lumbar 3 and lumbar 4," to which the accident of October 10, 1938, was attributed as the "likely cause."

An application for hearing and adjustment of claim, dated September 30, 1949, was received by the commission on October 14, 1949.

The deputy commissioner, after a hearing on January 13, 1950, held on July 31, 1950, that Tarnow was not entitled to compensation.

On appeal the deputy's award was reversed by the commission and one was entered November 21, 1950, granting compensation at $18 per week from March 10, 1944 (the date when Tarnow ceased working) to May 20, 1948, the end of the 500-week compensable period.

The situation presented, the statutory problem relating thereto, and the reasoning of the commission in support of its award are tersely stated in the following quotation from the opinion of the commission:

"These proceedings for further compensation were commenced on October 14, 1949, approximately 17 months after the expiration of the 500-week compensable period. Defendant contends that plaintiff's right to further compensation is barred for failure to bring proceedings within the 500-week period and by section 14 of part 3 of the workmen's compensation act (PA 1912 [1st ex sess], No 10) as amended by PA 1943, No 245 (CL 1948, § 413.14 [Stat Ann 1950 Rev § 17.188]).

"There can be no doubt that proceedings for further compensation may be commenced after the expiration of the 500-week period if the petitioner has not been paid compensation for either total or partial disability up to the end of that period. See *Murray* v. *Ford Motor Company,* 296 Mich 348, where proceedings for further compensation were started approximately 4 months after the expiration of the 500-week period.

"The amended section 14 of part 3 on which defendant relies as a bar to plaintiff's recovery in this proceeding reads as follows:

" 'If payment of compensation is made (other than medical expenses) and an application for further compensation is later filed with the commission, no compensation shall be awarded by the commission for any period which is more than 1 year prior to the date of the filing of such application.' That provision became effective July 30, 1943. It was not

in effect at the time of the injury. Does it apply to a petition for further compensation filed several years after its enactment but relating to an injury which occurred several years prior to its enactment? The right to petition for further compensation is a substantive right. Plaintiff had that right without the limitation of section 14 at the time the accident occurred. That right was a benefit which accrued to him when the accident happened. That right was a contractual right that existed because his employer had elected to be subject to the workmen's compensation act. The act was then elective and not compulsory. The provisions of the workmen's compensation act were a part of the contract of hire. The provisions of the act in effect when the accident occurred, being a part of the contract of hire, are controlling of the substantive rights of the plaintiff. Those rights became vested in him by amendment. Plaintiff's right to proceed for further compensation is controlled solely by the provisions of the act in effect when the accident happened."

If the 1943 amendment is applicable, since plaintiff's application for further compensation was not filed until 17 months after the expiration of the 500-week compensable period, and the amendment precludes the allowance of compensation for more than 1 year prior to the date of filing such application, plaintiff is barred from recovery because the 1 year retroactive period began 5 months after the expiration of the compensable period.

Plaintiff argues that he acquired a contractual vested right to compensation at the time of his injury, which could not be affected by the 1943 amendment. He urges the view that this amendment is not a procedural one in the nature of a statute of limitation, as argued by defendant. He bases his argument upon the absence of language restricting

the time within which his claim for further compensation must be filed or asserted.

Plaintiff, in answer to defendant's argument that the claim, if it became a vested right in 1938, is barred by the 6-year statute of limitation, as applied in *Hajduk* v. *Revere Copper & Brass, Inc.*, 268 Mich 220, and *Ardelian* v. *Ford Motor Co.*, 272 Mich 117, says the statute of limitations under *Scalzo* v. *Family Creamery Co.*, 308 Mich 587, bars only those payments which do not fall within 6 years prior to filing of the claim for further compensation.

Did the contractual obligation to pay further compensation arise in 1938, the time of Tarnow's injury, or in 1944 when, because of conditions resulting from that injury, he was no longer able to work?

Tarnow's right to compensation arose at the time of the injury, and he was so paid until he returned to lighter work and payment of compensation was then suspended. If he again became unable to work due to conditions resulting from his injury, he would have been entitled, upon proper proof, to further compensation for the unexpired portion of the 500-week compensable period.

" 'The law which must control the compensation to be paid is that which was in effect at the time the right to compensation springs into existence.' " *Thomas* v. *Continental Motors Corp.*, 315 Mich 27.

That right arose at the time of the injury (1938) and became subject to review upon a petition for further compensation after he was unable to work in 1944.

That petition did not present a new case or a new cause of action. The jurisdiction which the commission had acquired in 1938 was not divested by Tarnow's resumption of lighter work and the abatement of compensation during such employment. *Giampa* v. *Chrysler Corporation*, 272 Mich 327.

The general rule to be applied in determining whether a statute operates retrospectively or prospectively only is stated in 50 Am Jür, p 494 *et seq.*

In *Angell* v. *City of West Bay City,* 117 Mich 685, the Court said:

"The general rule is that a statute is to be construed as having a prospective operation only, unless its terms show clearly a legislative intention that its terms should operate retrospectively. *Ludwig* v. *Stewart,* 32 Mich 27; *Harrison* v. *Metz,* 17 Mich 377; *McKisson* v. *Davenport,* 83 Mich 211 (10 LRA 507); *Atherton* v. *Village of Bancroft,* 114 Mich 241; Cooley, Constitutional Limitations (6th ed) 455."

In *Nash* v. *Robinson,* 226 Mich 146, 149, it was said:

"Courts, as a rule, are loth to give retroactive effect to statutes, and this is especially so when, by so doing, it would disturb contractual or vested rights."

In holding that an intent on the part of the legislature to give retroactive effect was not indicated, the Court said:

"In our opinion the act in question is prospective in operation and has no application to causes in which the court has acquired jurisdiction of the subject matter and the parties." *Barber* v. *Barber,* 327 Mich 5.

Defendant argues for the application of the rule in *Allen* v. *Kalamazoo Paraffine Co.,* 312 Mich 575. In that case an employer declined to pay compensation in the increased amount provided by legislative amendment because of the contractual relation which came into existence at the time of injury. This Court said:

"Defendant company elected to accept the benefit of the act providing for workmen's compensation as

well as such amendments to the act as the legislature might deem proper to make."

In the *Allen Case* the injury did not become compensable until the later loss of industrial vision. At the time of the injury the statutory compensation was $18 per week, but when the right to compensation arose the statute then provided for the payment of $21 per week, and it was so ordered. Here, Tarnow's rate of compensation was properly held to be unaffected by the amendment increasing the amount of compensation.

The application of the 6-year statute of limitations,* as argued by the defendant, would be improper in this instance, because section 14 of part 3 of the act in effect at the time of the injury † provided for the award of payments for the unexpired portion of the 500-week period, even though the petition for review was not filed until after the expiration of the 500-week period. *Scalzo* v. *Family Creamery Co., supra.*

The award of further compensation covered a period within 6 years prior to date of the filing of the petition. *Hajduk* v. *Revere Copper & Brass, Inc., supra; Ardelian* v. *Ford Motor Co., supra;* and *Scalzo* v. *Family Creamery Co., supra.* See, also, *Palchak* v. *Murray Corporation of America,* 318 Mich 482.

The amendment here in question may not be regarded as wholly procedural in character, as defendant contends. Obviously its effect, if so applied under the facts before us in this case, would result in taking from the plaintiff a right which the statute, in force at the time of his injury, granted to him. There is nothing in the amendment in question here indicating that the legislature intended any such

---

* CL 1948, § 609.13 (Stat Ann 1949 Cum Supp § 27.605).—REPORTER.

† CL 1929, § 8453 (Stat Ann § 17.188).—REPORTER.

possible result. In other words, there is nothing to overcome the presumption that prospective operation only was intended. It seems obvious that the purpose of the amendment was to limit the amount of recovery in certain cases. Such result must follow in any instance where the statute in its present form is invoked to defeat recovery, partially or wholly, and is applicable. The amendment may not be regarded as relating merely to procedure, nor may it be classed as remedial legislation. Under the general rule followed by this Court in the cases above cited, it should not be given a retroactive effect in the instant case.

The award is affirmed, with costs to appellee.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.