PEVARNIC *v.* NORTHWESTERN LEATHER COMPANY.

OPINION OF THE COURT.

1. WORKMEN'S COMPENSATION—DATE OF INJURY—NOTICE—REPORT—
CLAIM—REMAND.
Proceeding to recover workmen's compensation for injury which
occurred on January 7, 1954, for which claim was filed June 9,
1961, dismissed by referee and workmen's compensation appeal
board solely because of precedent now overruled, is remanded
for further proceedings, where there has been no determination
made as to whether a report of injury had been filed by the
employer with the workmen's compensation department (CL
1948, § 412.15, as amended by PA 1954, No 175).

2. COSTS—WORKMEN'S COMPENSATION—CONSTRUCTION OF STATUTES.
No costs are allowed on appeal in proceeding to recover work-
men's compensation, where construction of a statute was in-
volved.

SEPARATE OPINION.

BLACK, J.

3. WORKMEN'S COMPENSATION—DELAYED CLAIMS—OVERRULED PRECE-
DENTS.
*Order of workmen's compensation appeal board denying work-
men's compensation to employee whose back was injured up-
wards of 6 years prior to time claim was filed is reversed and
remanded, now that precedents barring grant of compensation
on claims filed more than 6 years after injury have been
overruled.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 326.
[2] 58 Am Jur, Workmen's Compensation § 543.
[3, 4] 58 Am Jur, Workmen's Compensation § 409 *et seq.*

DISSENTING OPINION.
DETHMERS and KELLY, JJ.

4. WORKMEN'S COMPENSATION—REPORT—DELAYED CLAIM.

   *A proceeding to recover workmen's compensation should be commenced under the workmen's compensation act within 6 years from the time the injury was sustained, a period not tolled by the failure of the employer to file a report of accident (CLS 1961, § 412.15).*

Appeal from Workmen's Compensation Appeal Board. Submitted November 4, 1965. (Calendar No. 14, Docket No. 51,158.) Decided June 8, 1966.

Catherine M. Pevarnic presented a claim for compensation against Northwestern Leather Company and Liberty Mutual Insurance Company for back injuries sustained in employment. Defendants' motion to dismiss granted. Affirmed by Workmen's Compensation Appeal Board. Plaintiff appeals. Order denying compensation vacated and cause remanded with instructions.

*Goodman, Crockett, Eden, Robb & Philo (Morton A. Eden and William H. Goodman, of counsel), for plaintiff.*

*Burney C. Veum, for defendants.*

O'HARA, J. This case may be controlled by *Autio v. Proksch Construction Co.*, 377 Mich 517.

In this case the referee and the appeal board based their decisions exclusively on overruled *Hajduk v. Revere Copper & Brass, Inc.*, 268 Mich 220, and its absolute 6-year limitation. Neither reached the question of whether the employer was given notice of or had knowledge of the happening of injury or accident.[1] No specific finding of fact was made as

---

[1] See CL 1948, § 412.15 (Stat Ann 1950 Rev § 17.165), as amended by PA 1954, No 175.—REPORTER.

to whether a report of injury was filed by the employer with the compensation department.[2] The injury occurred on January 7, 1954, and claim was filed on June 9, 1961.

The order of the appeal board affirming the grant of the motion to dismiss by reason of the operation of the 6-year limitation is vacated. The case is remanded to the appeal board for these findings of fact, either under the record as made before the referee or under such further testimony as the appeal board may determine is necessary.

No costs, construction of a statute being involved.

T. M. KAVANAGH, C. J., and SOURIS, SMITH, and ADAMS, JJ., concurred with O'HARA, J.

BLACK, J. (*for reversal and remand*). A majority of the Court having voted (*Autio* v. *Proksch Construction Co.*, 377 Mich 517) to overrule with wholly retroactive effect the six-year limitational rule found in *Hajduk* v. *Revere Copper & Brass, Inc.*, 268 Mich 220, and all cases following *Hajduk*, I vote to reverse and remand, with no award of costs.

DETHMERS, J. (*dissenting*). The order of the appeal board affirming the referee's dismissal on the ground that the 6-year period of limitation had run before filing of the claim should be affirmed for reasons stated in *Hajduk* v. *Revere Copper & Brass, Inc.*, 268 Mich 220, *Ardelian* v. *Ford Motor Company*, 272 Mich 117, and the opinion of this writer in *Autio* v. *Proksch Construction Company*, 377 Mich 517, 550.

KELLY, J., concurred with DETHMERS, J.

[2] See CL 1948, § 412.15 (Stat Ann 1950 Rev § 17.165), as amended by PA 1954, No 175.—REPORTER.