COOK v. NORTHWESTERN LEATHER COMPANY.

1. WORKMEN'S COMPENSATION—BACK INJURY—LIMITATION OF ACTIONS—NOTICE OF INJURY—REPORT OF INJURY—FILING OF CLAIM.
   Employee who suffered back injury as a result of July, 1955 injury sustained during her employment with defendant, of which injury defendant had timely notice but failed to file a proper report, was not disentitled to compensation for such injury by reason of the fact that her claim was not filed until August, 1961, the limitational rule found in *Hajduk* v. *Revere Copper & Brass, Inc.*, 268 Mich 220, having been overruled retroactively in *Autio* v. *Proksch Construction Company*, 377 Mich 517.

2. SAME—APPEAL AND ERROR.
   Defendant's question as to whether record in a workmen's compensation appeal contains sufficient evidence to support a finding that plaintiff is disabled within the meaning of the workmen's compensation act *held*, not open for review, not having been included within the restrictive scope of the Court's orders on remand and granting leave.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Workmen's Compensation § 409 *et seq.*
[2]  58 Am Jur, Workmen's Compensation § 522 *et seq.*
[3]  5 Am Jur 2d, Appeal and Error § 1009 *et seq.*

3. Costs—Remand—Workmen's Compensation.
    No costs are allowed on appeal from order denying workmen's
    compensation because of statute of limitations, where case is
    remanded to the workmen's compensation appeal board for
    determination on the merits of plaintiff's claim.

Appeal from Workmen's Compensation Appeal Board. (Calendar No. 22, October Term, Docket No. 51,159.) Decided December 6, 1966.

Clara D. Cook presented her claim for workmen's compensation benefits against Northwestern Leather Company, a Michigan corporation, and Liberty Mutual Insurance Company, a foreign corporation. Benefits denied by Workmen's Compensation Appeal Board. Plaintiff filed an application for leave to appeal to the Supreme Court, which remanded the matter of the Appeal Board for a finding of facts. Appeal Board determined plaintiff barred by limitational rule. Reversed and remanded.

*Goodman, Crockett, Eden, Robb & Philo (Morton A. Eden, of counsel), for plaintiff.*

*Veum & Veum (Burney C. Veum, of counsel), for defendants.*

Per Curiam. The appeal board's determination that plaintiff's claim for compensation became barred by limitation is reversed and the record is remanded to the board for determination of the merits of plaintiff's said claim.

The Court notes that plaintiff's claim was denied by the appeal board solely on strength of the limitational rule found in *Hajduk* v. *Revere Copper & Brass, Inc.*, 268 Mich 220 and decisions following *Hajduk;* which decisions were overruled retroactively by *Autio* v. *Proksch Construction Company,*

377 Mich 517.  On remand of this case the appeal board will disregard the aforesaid limitational rule.

The defendant-appellees proffer an additional question for review, in this form:

"Is there evidence in the record which will support a finding that plaintiff is disabled within the meaning of the workmen's compensation act?"

This additional question is not open for review, same not having been included within the restrictive scope of the Court's order of January 27, 1965, remanding the record to the appeal board with instructions 1, 2 and 3 as set forth therein, and the corresponding scope of the Court's order of January 11, 1966, granting leave to review the appeal board's determination on such remand.

No costs.

T. M. KAVANAGH, C. J., and BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.

DETHMERS, J., concurred in result.

KELLY, J., did not sit.