GEIS *v.* PACKARD MOTOR CAR CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ABILITY OF INJURED EMPLOYEE TO EARN AT OTHER EMPLOYMENT NOT THE TEST.

The petition of defendant employer to be relieved from further payments to an injured employee because, at the present time, although disabled from engaging in his former employment as a motor tester, he is able to work as a motor inspector and earn as much or more than at his former employment, was properly denied by the industrial accident board, since, under the workmen's compensation act, the test is as to the injured employee's ability to work at his former employment and not the amount of money he might earn at some other employment.

2. SAME—ABILITY TO EARN AT ALLIED OCCUPATION NOT THE TEST.

The contention of defendant that the fact that plaintiff's skill as a motor tester fitted him to readily fill the position of a motor inspector, an allied occupation, at which he earns as much or more than formerly, and should therefore be taken into consideration by the court in determining defendant's liability, cannot be sustained, since to do so would be to depart from the provisions of the statute and substitute another and different test.

3. SAME—EMPLOYMENT BY EMPLOYER AT OTHER OCCUPATION WILL NOT RELIEVE FROM LIABILITY.

The contention of defendant that because it philanthropically made a place for plaintiff at light messenger service at more pay than he was receiving at the time of his injury, rating him on the pay-roll as a motor tester, although he was physically incapable of performing the duties of a tester, it should be relieved from the payment of compensation for the time he was so employed, cannot be sustained, since it is admitted that at the time plaintiff was wholly incapacitated from earning any wages in the employment in which he was engaged at the time of the accident, and under the statute he was entitled to com-

On the question of possible earnings of injured employee in other employment, in fixing compensation under compensation acts, see note in L. R. A. 1916A, 377.

pensation for such period, notwithstanding his earning capacity at some other employment.

Certiorari to Industrial Accident Board.    Submitted June 21, 1921.    (Docket No. 33.)    Decided July 19, 1921.

Henry Geis presented his claim for compensation against the Packard Motor Car Company for accidental injuries in defendant's employ:    On petition of defendant to discontinue payments.    From an order denying the petition, defendant brings certiorari. Affirmed.

*Campbell, Bulkley & Ledyard* (*Charles McV. Willits,* of counsel), for appellant.

*Benjamin & Betzoldt,* for appellee.

WIEST, J.    On February 9, 1918, while working for the defendant company in the capacity of a motor tester, plaintiff received a fracture of his upper right arm.    This fracture has not mended and has left his arm practically useless.    He was paid compensation, under an approved agreement, until July 24, 1918, when he returned to work, but being unable on account of his injury to perform the duties of a motor tester, he was given light messenger work in the testing department and paid two cents per hour more than he was earning at the time of his injury.

He continued such work until August 27, 1919, when he went to Mayo Brothers' clinic at Rochester, Minnesota, at the suggestion of defendant company, to have a bone-graft operation performed on his injured arm, and the expense of the trip, including the bill of Mayo Brothers for $525, was paid by defendant. Compensation under the agreement was paid him from August 27th up to December 19, 1919, when he was employed by defendant as a motor inspector at 70

cents per hour and his compensation under the agreement ceased. He refused to sign final settlement receipts, and on October 22, 1920, defendant petitioned the industrial accident board to order payment of compensation to be stopped and to have the case closed. Plaintiff answered and also filed a petition asking for the allowance of past due compensation. The board denied defendant's petition and granted plaintiff's. Defendant brings the case to this court by writ of certiorari, claiming the order of the board is void. Defendant contends that:

"The plaintiff is able to perform the work of motor inspector, skilled labor of the same class that he was performing at the time of his injury, and is able to earn thereat more wages than he was earning at the time of his injury in the position of motor tester, which position is skilled labor of the same class as motor inspector, and therefore, after December 19, 1919, the date upon which he commenced work as a motor inspector, he should, as a matter of law, be precluded from receiving compensation."

It is said in the brief of counsel for defendant that the test of disability, being the ability to earn in the same employment, is not here assailed. Defendant asks us to hold that in the case of skilled labor such labor should be classified so that the holdings in *Leitz* v. *Labadie Ice Co.*, 211 Mich. 565, and *Miller* v. *Fair & Sons*, 206 Mich. 360, with reference to ability to perform common labor, although not of the same particular kind, does not constitute the test of disability, provided there is no diminution of earnings, be applied to skilled labor falling within a class in which previous knowledge and training fits the party to perform. This means, then, if we should so hold, that if a skilled laborer is so injured as to debar him from ever continuing the same employment, yet if his skill and training and acquired knowledge fit him for doing work somewhat allied thereto and

which he can perform without diminution of earnings, then from the time he enters upon such new work and earns thereat as much or more than before injury, his compensation on account of the injury must stop. No precedent for such a holding has been called to our attention, and counsel for defendant say the point is one of first impression in this State.

Just how skilled labor is to be classified is not made apparent. If classification is to proceed upon the theory of employments closely allied in skill and training, then the statute making the test the impairment of his earning capacity in the employment in which he was working at the time of the accident does not mean what it says.

The board found from the evidence that:

"Said applicant at the time of his injury was employed as a motor tester, which employment the board finds to be a skilled work and a distinct and particular employment, requiring years of experience in motor building and dismantling in order to become competent thereat."

That plaintiff was wholly incapacitated as a motor tester is established. The foreman of defendant's motor testing department testified that he would not hire a motor tester with one hand, if he could get a man with two hands, for there are some operations in which a tester needs both hands; that the training necessary to become a motor tester takes at least two years. The same witness testified with reference to the work of a motor inspector that all a motor inspector has to do is to listen for defects in the motor, generally doing no work in connection with the motor. An experienced motor tester in the employ of defendant and familiar with the duties of a motor inspector testified:

"*Q.* Is there any difference whatsoever between the work of a motor inspector and a motor tester?

"*A*. There is.

"*Q*. Is there any similarity at all between the two jobs?

"*A*. Yes.

"*Q*. What similarity—where are the two the same?

"*A*. The motor tester operates the motor in its running position while he makes his disposition as to its running conditions; whereas the motor inspector, as stated before, he merely goes over these different parts to see whether or not they are complete.

"*Q*. Then there is nothing similar between the two kinds of work, is there?

"*A*. I don't think so.

"*Q*. Could a man who was a motor inspector without any further training, instruction or education, immediately step in and become a motor tester?

"*A*. Not immediately."

The witness also stated that in his opinion it would take about six months, with proper training, for an experienced motor inspector to become a motor tester.

The Wisconsin statute relative to "the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the accident," is identical with our statute.

In *International Harvester Co.* v. *Industrial Commission,* 157 Wis. 167 (147 N. W. 53, Ann. Cas. 1916B, 330), it was said of such provision:

"This court has held that this statute was plain and meant just what it said, and recovery was allowed for total disability because the employee was unfitted by his injury to follow the occupation in which he was engaged when injured, although it was shown without dispute that he was capable of earning substantial wages in other occupations." Citing *Mellen Lumber Co.* v. *Industrial Commission,* 154 Wis. 114 (142 N. W. 187, L. R. A. 1916A, 374, Ann. Cas. 1915B, 997).

The question is not new in this State. *Woodcock* v. *Dodge Bros.,* 213 Mich. 233; *Foley* v. *Railway,* 190 Mich. 507; *Jamison* v. *Newhall Co.,* 200 Mich. 514; *Myers* v. *Wadsworth Manfg. Co., ante,* 636.

Defendant claims to have no quarrel with such holdings but asks us to place a meaning upon the occupation in which an employee is injured commensurate with ability to turn his skill, training and knowledge acquired in one employment to use in another closely related thereto. The argument is ingenious but to accede to it would start the thin edge of the wedge to a riving of the clear terms of the statute and open the field to equitable and conjectural considerations now closed by the statute. We must stick to the statute and leave defendant to present the equity of its position to the legislature.

The defendant contends that plaintiff was not entitled to additional compensation from February 9, 1918, the date of his injury, to December 19, 1919.

On July 24, 1918, plaintiff returned to work and was rated by defendant as a motor tester, but was not such in fact, as he was given only light messenger work on account of his injury. Defendant concedes that plaintiff was unable to perform the duties of a motor tester but says that rather than have him idle and drawing compensation of only $10 a week under the agreement, it philanthropically employed him in his old position, giving him only light messenger work to do and paid him his former wage and two cents per hour added, or $24 per week.

Again we must hold that this raises an equitable question barred from consideration as the law now, stands, and we cannot hold that it was error for the board to award him compensation on the ground that from the time of the accident he was wholly incapacitated from earning any wages in the employment in which he was engaged at the time of the accident.

The determination of the industrial accident board is affirmed, with costs to appellee.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.