SPRINGER *v.* REED FOUNDRY & MACHINE COMPANY.

WORKMEN'S COMPENSATION—PERMANENT AND TOTAL DISABILITY—DURATION OF PERIOD OF COMPENSATION—AMENDMENTS.

Employee who was permanently and totally disabled by reason of insanity due to an injury in December, 1943, was entitled to workmen's compensation for a period of 750 weeks under unambiguously worded statute which was not limited by other provisions relating to permanent and total disability arising from loss of 2 or more members of the body or by reason of later amendments to the controlling sections of the workmen's compensation act (CL 1948, §§ 412.9, 412.10, subsequently amended by PA 1954, No 175, PA 1955, No 250).

Appeal from Workmen's Compensation Appeal Board. Submitted April 4, 1956. (Docket No. 15, Calendar No. 46,698.) Decided June 4, 1956.

Claim for compensation for Raymond Springer presented by Elsie Springer, his guardian, against

---

REFERENCES FOR POINTS IN HEADNOTES
58 Am Jur. Workmen's Compensation § 318.

Reed Foundry & Machine Company, employer, and Michigan Mutual Liability Company, insurer, following 500 weeks of voluntary payment. Award to plaintiff for 250 additional weeks. Defendants appeal. Affirmed.

*Edward J. Ryan,* for plaintiff.

*L. J. Carey* and *James L. Schueler,* for defendants.

BOYLES, J. This is an appeal, on leave granted, by the defendant employer and its insurance carrier from an award of workmen's compensation to the plaintiff for 750 weeks, for permanent and total disability, arising out of and in the course of his employment.

The facts are not in dispute. No question is raised but that the plaintiff is permanently and totally disabled due to an injury sustained on December 24, 1943, or that his injury arose out of and in the course of his employment by the defendant foundry and machine company. The question for decision is whether an award of compensation *for 750 weeks* from the date of the injury was proper, under section 9, part 2, of the workmen's compensation act* as it read at the date of the injury.

Defendants-appellants claim that section 10, of said part 2, in effect at the date of the injury, should be read into section 9, and that therefore the provision in section 9 providing for payment of compensation for *750* weeks (instead of 500) for permanent and total disability does not control.

The applicable part of section 9, part 2, of the act, at the time of the injury, was as follows:*'

---

* CL 1948, § 412.9 (Stat Ann 1947 Cum Supp § 17.159).
Subsequent amendments in 1954 and 1955 do not control. (See CLS 1954, § 412.9, as amended by PA 1955, No 250, CLS 1954, § 412.10, Stat Ann 1955 Cum Supp §§ 17.159, 17.160.)

"While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation  *  *  *  in no case shall the period covered by such compensation be greater than 500 weeks from the date of the injury, nor shall the total amount of all compensation exceed $10,500, *except for permanent and total disability,* when the compensation shall be paid for 750 weeks from the date of the injury."   (Italics supplied.)

Section 10, part 2, of the act,† in effect at that time, provided for payment of compensation "while the incapacity for work resulting from the injury is partial," and then provided that:

"In no case shall the period covered by such compensation be greater than 500 weeks from the date of the injury. In cases included by the following schedule, the disability in each such case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be as specified therein, to-wit:"

In this section then followed certain provisions for payment of certain compensation for certain specific injuries such as loss of a thumb, loss of a finger or fingers, loss of a toe or toes or a foot, hand, arm, leg, or eye. Said section 10 then further provided that:

"The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any 2 thereof, shall constitute total and permanent disability, to be compensated according to the provisions of section 9."

Appellants argue that the above statement, then found in section 10, should be put into section 9 and that it limits "permanent and total disability" under

† CL 1948, § 412.10 (Stat Ann 1947 Cum Supp § 17.160).

section 9, to the enumerated losses of both hands, or both arms, et cetera, as enumerated in section 10. Appellants rely on amendments to sections 9 and 10 subsequent to the date plaintiff's disability arose, to support their claim. For reasons stated later herein, we do not agree with appellants that as of December, 1943, section 10 limited section 9 as to payment of compensation, 750 weeks for permanent and total disability, as it then read when plaintiff's injury occurred and his claim for compensation arose. That exception in section 9 is not limited to the enumerated losses set forth in section 10.

As above indicated, the legislature subsequently amended both sections 9 and 10. Incidentally, although not referred to here as controlling the instant case, in 1949 section 9 was amended to make specific provisions for payment of compensation differing in amounts as applied to an injured employee having no dependent, and one having 1 or more. However, no change was made in the provision for permanent and total disability. Section 9(a) then concluded as follows:

"In no case shall the period covered by such compensation be greater than 500 weeks from the date of injury, nor shall the total compensation exceed an amount equal to 500 times the total weekly amount payable under this section 9, except for permanent and total disability, when the compensation shall be paid for 750 weeks from the date of the injury." PA 1949, No 238 (Stat Ann 1950 Rev § 17.159).

Sections 9 and 10 as of the date of plaintiff's injury, both are plain and unambiguous, insofar as provision was made in the workmen's compensation law for the length of time for which compensation should be paid to an injured employee for permanent and total disability—for 750 weeks from the date of the injury.

Counsel for appellants in their brief refer to PA 1954, No 175, amending said sections 9 and 10 of part 2 of the act, and to PA 1955, No 250, amending said section 9 of part 2. We need not speculate as to whether the legislature thereby intended to "change the meaning" of said section 9, or to "interpret" the meaning without change, on the question as to what had theretofore constituted permanent and total disability. In the instant case the employee admittedly became permanently and totally disabled in 1943 as the result of being overcome by inhaling coke gas while working for the defendant foundry company. It is conceded that he became and still is insane, permanently and totally disabled. We are not called upon to decide, here, what might constitute permanent and total disability under later amendments.

The commission correctly construed the statute law, that at the date of plaintiff's injury, section 9, part 2, under the circumstances of this case, provided that the plaintiff was entitled to compensation for *750* weeks from the date of the injury, for permanent and total disability.

The award is affirmed.

DETHMERS, C. J., and SHARPE, SMITH, KELLY, CARR, and BLACK, JJ., concurred.

The late Justice REID took no part in the decision of this case.