HIER *v.* BOICHOT CONCRETE PRODUCTS CORPORATION.

1. WORKMEN'S COMPENSATION—TOTAL AND PERMANENT DISABILITY—ADDITIONAL BENEFITS.

An employee who claimed additional weekly benefits for a total of 800 weeks, after expiration of 500 weeks of voluntarily paid workmen's compensation benefits, because the injury had resulted in permanent and total disability, *held*, not entitled to recovery beyond 500 weeks from the date of injury, where his injuries did not fall within the restriction of the statute limiting recovery for the longer period to loss of eyes, legs, or arms, or incurable insanity or imbecility, although he was in fact totally and permanently disabled (CL 1948, § 412.10, as amended by PA 1954, No 175).

2. SAME—TOTAL AND PERMANENT DISABILITY—STATUTES.

Total and permanent disability under the workmen's compensation act so as to entitle injured employee to 800 weeks of benefits, is controlled by that act, and depends upon whether plaintiff's injuries come within one of the enumerated losses as set forth in the statute (CL 1948, § 412.10, as amended by PA 1954, No 175).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation § 281 *et seq.*

Appeal from Workmen's Compensation Appeal Board. Submitted October 1, 1967. (Docket No. 1, Calendar No. 51,640.) Decided November 9, 1967.

Claim for compensation by Willis Hier against Boichot Concrete Products Corporation, employer, and Michigan Mutual Liability Company, insurer, following 500 weeks of voluntary payment. Award to plaintiff for 300 additional weeks by hearing referee. Defendant appealed to workmen's compensation appeal board. Reversed. Court of Appeals denied application for leave to appeal. Plaintiff appeals. Affirmed.

*Rapaport, Siegrist & Sablich,* for plaintiff.

*LeVasseur, Werner, Mitseff & Brown,* for defendants.

ADAMS, J. Willis Hier was employed as a heavy-equipment operator for defendant Boichot Concrete Products Corporation. On November 11, 1954, a winch handle struck him on the right side of the head and shoulder. He received compound fractures of the skull and other injuries. Workmen's compensation benefits were paid, but terminated at the expiration of 500 weeks from the date of injury. Plaintiff then filed an application for hearing, claiming additional weekly benefits for a total of 800 weeks because the injury had resulted in permanent and total disability. The hearing referee allowed Hier's claim for additional benefits; but, upon appeal to the workmen's compensation appeal board, the decision of the referee awarding further compensation was reversed on the ground that this Court's ruling in *Verberg* v. *Simplicity Pattern Company* (1959), 357 Mich 636, limits recovery beyond 500 weeks from

the date of injury to those employees whose injuries fall within the definition of total and permanent disability under section 10, part 2, of the workmen's compensation law as it read on the date of injury.[1] The appeal board found that plaintiff Hier did not qualify under the section 10 test but was *in fact* totally and permanently disabled in his field of skilled employment.

The Court of Appeals denied an application for leave to appeal. Leave to appeal to this Court was granted on January 10, 1967.

Is an employee who was injured on November 11, 1954, and who *in fact* is totally and permanently disabled from returning to work in his field of skilled employment, entitled to workmen's compensation benefits after the expiration of 500 weeks from the date of injury?

Plaintiff's claim is based upon section 9, part 2, of the workmen's compensation law which, upon the date of his injury, read, in part, as follows:

"And in no case shall the period covered by such compensation be greater than 500 weeks from the date of injury, nor shall the total compensation exceed an amount equal to 500 times the total weekly amount payable under this section 9, *except for permanent and total liability,*[2] *when the compensation shall be paid for 800 weeks from the date of injury.*" PA 1954, No 175, effective August 13, 1954. (Emphasis supplied.)

On the date of plaintiff's injury, section 10, part 2, of the workmen's compensation act stated in part:

"*Total and permanent disability, compensation for which is provided in section 9 hereof, means:*
(1) Total and permanent loss of sight of both eyes.

---

[1] CL 1948, § 412.10, as amended by PA 1954, No 175 (Stat Ann 1955 Cum Supp § 17.160).

[2] Senate Bill No 1150 shows "disability." Senate Enrolled Bill No 1150 shows "liability."

(2) Loss of both legs or both feet at or above the ankle.

**(3)** **Loss of both arms or both hands at or above the wrist.**

(4) Loss of any 2 of the members or faculties enumerated in (1), (2) or (3).

(5) Permanent and complete paralysis of both legs or both arms or of 1 leg and 1 arm.

(6) Incurable insanity or imbecility." PA 1954, No 175. (Emphasis supplied.)

Defendants contend that, unless plaintiff's injuries fall within one of the specific enumerations of section 10, he is not entitled to recover.

Prior to PA 1954, No 175, part 2, § 10 provided:

"The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any 2 thereof, shall constitute total and permanent disability, *to be compensated* according to the provisions of section 9." PA 1953, No 198.   (Emphasis supplied.)

In *Springer* v. *Reed Foundry & Machine Company* (1956), 346 Mich 11, this Court affirmed an award of workmen's compensation to plaintiff for 750 weeks for permanent and total disability arising out of and in the course of his employment. The employee in *Springer* admittedly became permanently and totally disabled in 1943. Section 10 then provided that the loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof, shall constitute total and permanent disability *to be compensated* according to the provisions of section 9. Defendants in *Springer* argued that section 10 should be read into section 9 as a limitation, thereby allowing additional payments for total and permanent disability under section 9 only if one or more of the losses enumerated in section 10 had been suffered. The employee's injuries in that case re-

sulted from inhaling coke gas, by reason of which he became insane. This Court rejected the defendants' argument and affirmed the award to plaintiff.

In *Edwards* v. *Michigan Light Alloys Corporation* (1956), 346 Mich 169, plaintiff fell from a factory roof on January 23, 1945. The fall caused a cerebral concussion and subsequent mental deterioration, resulting in total disability. This Court affirmed the award of additional compensation upon the reasoning of *Springer.*

In *Verberg* v. *Simplicity Pattern Company, supra,* plaintiff became disabled on December 10, 1947, as the result of long exposure to and inhalation of chrome in the course of his employment. He was paid compensation for 500 weeks. On July 15, 1957, Verberg filed an application for additional benefits for permanent and total disability and was awarded compensation for an additional 250 weeks but denied differential benefits from the second-injury fund. His right to additional compensation benefits was governed by section 9, part 2, of the workmen's compensation act as it stood at the time of his injury. Verberg's right to recover from his employer, therefore, fell under the holdings of this Court in *Springer* and *Edwards.* His right to recover differential benefits, however, was created by PA 1955, No 250, which amended section 9, part 2, of the act. PA 1955, No 250, effective June 25, 1955, in part reads as follows:

"And in no case shall the period covered by such compensation be greater than 500 weeks from the date of injury, nor shall the total compensation exceed an amount equal to 500 times the total weekly amount payable under this section 9, *except for permanent and total disability as defined in section 10,* when the compensation shall be paid for the duration of such permanent and total disability: Provided, That the conclusive presumption of total and permanent disability shall not extend

beyond 800 weeks from the date of injury, and thereafter the question of permanent and total disability shall be determined in accordance with the fact, as the fact may be at that time. Any person who is permanently and totally disabled and who is receiving payments of workmen's compensation which are payable to such person under this act in amounts per week of less than is presently provided in the workmen's compensation schedule of benefits for permanent and total disability and for a lesser number of weeks than the duration of such permanent and total disability shall hereafter receive weekly, without application, from the second injury fund, an amount equal to the difference between what he is now receiving per week and the amount per week now provided for permanent and total disability with appropriate application of the provisions of paragraphs (b), (c), (d) and (e) of this section since the date of injury." (Emphasis supplied.)

Since Verberg's right to additional compensation was governed by the provisions of section 9, part 2, of the act in effect at the time of his injury in 1947, it was not necessary for this Court to construe the italicized portion appearing in the above quotation from the 1955 amendatory act. Nevertheless, the Court's opinion in *Verberg* had that effect by approving and adopting the following language from an opinion of the Attorney General, reported in OAG 1955–1956, vol 2, p 592:

"In 1954 by Act No 175 the legal significance of section 9, insofar as permanent and total disability is concerned, was radically changed by the amendment to section 10. In the amendment to that section, the legislature said:

" 'Total and permanent disability, compensation for which is provided in section 9 hereof, means:

" '(1) Total and permanent loss of sight of both eyes.

" '(2) Loss of both legs or both feet at or above the ankle.

" '(3) Loss of both arms or both hands at or above the wrist.

" '(4) Loss of any 2 of the members or faculties enumerated in (1), (2) or (3).

" '(5) Permanent and complete paralysis of both legs or both arms or of 1 leg and 1 arm.

" '(6) Incurable insanity or imbecility.'

"The effect of this amendment to section 10 was to limit permanent and total disability in section 9 to the items defined in section 10. In the 1955 amendments any remaining doubt as to whether total and permanent disability was limited to the definition in section 10 was dispelled by the language above quoted, viz: 'except for permanent and total disability as defined in section 10.'

"All of the language in section 9 relating to payments from the second-injury fund was added by the 1955 amendment. The legislature, having clearly evidenced its intent to limit permanent and total disability to that which was defined in section 10, payments from the second-injury fund provided for in section 9 must also be so limited."

Verberg was denied differential benefits from the second-injury fund because his disability was not permanent and total as defined in section 10, part 2, of the act.

The holding in *Verberg* was recently considered by this Court in a footnote in *Liesinger* v. *Owen-Ames-Kimball Company* (1966), 377 Mich 158, wherein it was stated:

"By the 1954 amendment total and permanent disability was defined to mean only those losses set forth in the first six subsections quoted above in the text and supplemented in 1956 by the addition of subsection (7). See *Verberg* v. *Simplicity Pattern Co.* (1959), 357 Mich 636."

Prior to PA 1954, No 175, section 10, part 2, contained an enumeration of certain losses and stated that such losses "shall constitute total and permanent disability, *to be compensated* according to the provisions of section 9." Such wording is not language of limitation. It was so held in *Springer* and *Edwards*. Consequently, in those cases permanent and total disability was compensable if established in fact. However, the language of PA 1954, No 175, that "Total and permanent disability, compensation for which is provided in section 9 hereof, *means:*", followed by enumeration of certain losses, is language of limitation and as such bars this plaintiff from recovery. By legislative enactment which is controlling here, the issue of total and permanent disability is not one of fact but whether plaintiff's injuries come within one of the enumerated losses set forth in the statute.

The order of the workmen's compensation appeal board is affirmed. Costs to appellees.

DETHMERS, C. J., and KELLY, BLACK, T. M. KAVANAGH, SOURIS, O'HARA and BRENNAN, JJ., concurred.