### HALAS v. YALE RUBBER MANUFACTURING COMPANY.

1. WORKMEN'S COMPENSATION—PERMANENT DISABILITY—BENEFITS PAYABLE.

   The conclusive presumption under the workmen's compensation act of total and permanent disability does not extend beyond an 800-week period from date of injury, and then whether an injured employee is permanently and totally disabled is to be determined as a question of fact, with payments from the second injury fund to be made following such determination for the duration of such permanent and total disability according to the full rate provided in the schedule of benefits (CL 1948, § 412.9, as amended by PA 1965, No 44).

2. SAME — INJURY — EARNING CAPACITY — IMPAIRMENT — BENEFITS PAYABLE.

   The compensation to be paid an injured employee is such as shall fairly represent the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the injury; the compensation payable, when added to his wage-earning capacity after the

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 58 Am Jur, Workmen's Compensation § 283.
[4] 58 Am Jur, Workmen's Compensation § 26 et seq.
[5] 5 Am Jur 2d, Appeal and Error § 1009.

injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury (CL 1948, § 412.11, as amended by PA 1965, No 44).

3. SAME — PERMANENT DISABILITY — SECOND INJURY FUND — STATUTES—AMENDMENT.

Plaintiff employee, found by hearing referee to be totally and permanently disabled by loss of both hands, is entitled to full compensation for such disability undiminished by his present earnings since amendment to workmen's compensation act providing for payments by second injury fund to employees determined to be permanently disabled beyond the statutory 800-week period constituted a new concept in compensation and thus its provisions are not subject to section of act providing that benefits paid, when added to the employee's wage-earning capacity after the injury, shall not exceed his average weekly earnings at the time of the injury (CL 1948, §§ 412.9, 412.11, as amended by PA 1965, No 44).

4. SAME—STATUTE—INTERPRETATION—LEGISLATURE.

The fact that the workmen's compensation act was extensively amended after decision of workmen's compensation appeal board interpreting provisions for payment by second injury fund to be not subject to provisions with respect to present earnings of employee, without amending the act to preclude such interpretation, is evidence that legislature agreed with that interpretation (CL 1948, § 412.9, as amended by PA 1965, No 44).

5. COSTS — PUBLIC QUESTION — WORKMEN'S COMPENSATION — PERMANENT DISABILITY.

No costs are awarded on appeal from workmen's compensation appeal board determination of liability of second injury fund for benefits to permanently disabled employee, a public question being involved (CL 1948, §§ 412.9, 412.11, as amended by PA 1965, No 44).

Appeal by leave granted prior to decision by Court of Appeals from Workmen's Compensation Appeal Board. Submitted November 14, 1968. (Calendar No. 17, Docket No. 51,962.) Decided February 3, 1969.

Proceeding under workmen's compensation act for determination of status of Frank Halas, em-

ployee of Yale Rubber Manufacturing Company, as totally and permanently disabled. The hearing referee found that plaintiff was totally and permanently disabled and ordered payment of compensation by defendant Michigan Second Injury Fund. Defendant appealed. Affirmed by Workmen's Compensation Appeal Board. Defendant appeals by leave granted prior to decision by Court of Appeals. Affirmed.

*Bush, Luce, Henderson & Black,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George M. Bourgon* and *A. C. Stoddard,* Assistant Attorneys General, for defendant Michigan Second Injury Fund.

KELLY, J. We accept defendant-appellant's "statement of facts and proceedings" as follows:

"Plaintiff-appellee, Frank Halas, hereinafter referred to as claimant, while employed by Yale Rubber Manufacturing Company, suffered an accident on October 21, 1950, which resulted in the amputation of both of his hands. He had at the time an average weekly wage of $95.09 and was an unskilled employee in the field of common labor. At the time of the accident, he had a wife and two minor children as dependents. He presently has two dependents, his wife and a daughter, Betty Jane, a student, who was born January 7, 1947. The parties herein have not disputed the above facts.

"After payments had been made for total and permanent disability for 800 weeks from the date of the injury, a hearing was held to determine if claimant was in fact totally and permanently disabled after the expiration of the 800-week period. The hearing referee held on February 21, 1966 that he was totally and permanently disabled and, al-

though he was employed at wages equal to or higher than his earnings at the time of the injury, no set-off of wages was allowed against the payments to be made by the second injury fund, hereinafter referred to as the fund.

"The fund appealed to the workmen's compensation appeal board, hereinafter referred to as the appeal board, which board, on December 29, 1967, affirmed the decision of the hearing referee, holding that claimant was entitled to receive benefits at current rates without diminution or set-off for current earnings as provided in the workmen's compensation act, hereinafter referred to as the act.[1]

"Application for leave to appeal the order of the appeal board to the Court of Appeals was made by the second injury fund on January 26, 1968. On February 12, 1968 application was made by claimant to transfer the application for leave to appeal to this Court prior to the decision of the Court of Appeals. On February 15, 1968, claimant submitted to this Court a motion for acceleration of date of hearing of his application to transfer application for leave to appeal prior to decision of the Court of Appeals. On March 12, 1968, this Court denied said motion for acceleration and on March 19, 1968, granted claimant's application to transfer the fund's application for leave to appeal (to the Court of Appeals) to the Supreme Court prior to decision of the Court of Appeals."

Our decision depends upon determination of legislative intent as expressed in part 2, § 9 of the act, and part 2, § 11 of the act. The pertinent portion of section 9, part 2, provides:

"The conclusive presumption of total and permanent disability shall not extend beyond 800 weeks from the date of injury, and thereafter the question of permanent and total disability shall be determined

---

[1] PA 1912 (1st Ex Sess), No 10 as amended (CL 1948, § 411.1 et seq. [Stat Ann 1968 Rev § 17.141 et seq.]).

in accordance with the fact, as the fact may be at that time. * * *

"Payments from this second injury fund shall continue after the period for which any such person is otherwise entitled to compensation under this act for the duration of such permanent and total disability according to the full rate provided in the schedule of benefits." (CL 1948, § 412.9 as amended by PA 1965, No 44 [Stat Ann 1968 Rev § 17.159].)

Section 11, part 2, of the act reads:

"The weekly loss in wages referred to in this act shall consist of such percentage of the average weekly earnings of the injured employee computed according to the provisions of this section as shall fairly represent the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the injury, the same to be fixed as of the time of the injury, but to be determined in view of the nature and extent of the injury. The compensation payable, when added to his wage earning capacity after the injury in the same or another employment shall not exceed his average weekly earnings at the time of such injury." (CL 1948, § 412.11 as amended by PA 1965, No 44 [Stat Ann 1965 Cum Supp § 17.161].)

The appeal board in the present action held that section 9 was not subject to the set-off provisions in section 11.

Appellant claims the board's decision was contra to our holding in *Liesinger* v. *Owen-Ames-Kimball Company* (1966), 377 Mich 158, wherein we said (p 171):

"Upon expiration of 800 weeks from date of injury, whether plaintiff's injury continues to be total and permanent again will become a question of fact. If it then is found to continue, benefits at then current rates will be payable from the second

injury fund, but subject at that time once again to the set-off requirements of section 11, part 2."

As proof of the fact that the board refused to follow *Liesinger,* appellant quotes from the board's opinion as follows:

" 'The above quote taken from Mr. Justice SOURIS' holding in the *Liesinger* matter appears to us to be dictum not necessary to a resolution of the question then before the Court. It does not appear that the Court gave consideration to the last sentence of section 9(a) which was enacted in 1955 concurrent with the amendment which provided for additional benefits to permanently and totally disabled persons through the second injury fund. * * * It is apparent to us that the author and signers of Mr. Justice SOURIS' opinion did not consider the effect of the 1955 amendment quoted above.' "

Appellee Halas contends the *Liesinger* decision is not controlling and that the above quotation from that decision "cannot be considered as anything more than mere dictum," and states that in the *Liesinger Case* the plaintiff had not drawn his 800 weeks and the issue as presented in this appeal was not briefed or discussed in the opinion; that only three Justices concurred with the SOURIS opinion, three dissented, and one concurred only in the result; and that "under such circumstances, the decision was determinative only of that case, and cannot be considered as having any precedential value beyond that case."

Deciding the question presented in this appeal, the appeal board said:

"The appeal board had to answer the question of whether the above-quoted enactment [section 9] took precedence over the provision found in section 11 which was enacted in 1927 and referred to by Mr. Justice SOURIS. The appeal board's holding upon

the matter is found in the claim of *Roseveare* v. *Negaunee Mine Company*, 1963 WCABO 390. * * *

"In the absence of a showing that the above-quoted amendment was considered by the Supreme Court and believing that the legislature's enactment should be followed, we hereby reaffirm our holding in *Roseveare, supra.*"

In the *Roseveare* opinion the board called attention to fact that the claimant suffered an injury which resulted in the amputation of both legs above the knees; that compensation was paid voluntarily by the employer for 750 weeks; that benefits were also paid from the second injury fund during the period of 800 weeks from the date of injury, pursuant to the provisions of PA 1955, No 250 and PA 1956, No 195; that the director of the workmen's compensation department then scheduled the matter for hearing under authority of Rule 5 of said department to determine total and permanent disability in regard to the second injury fund and payments beyond the 800-week period; that the referee found that plaintiff was totally and permanently disabled and directed that further compensation be paid from the second injury fund; and that the attorney general cited part 2, § 11, claiming that this employee should be denied further compensation because he was receiving wages in another employment which exceeded his average weekly wage at the time of the injury.

After stating in *Roseveare,* "It is apparent that these provisions are in conflict and we must decide which takes precedent [precedence?] over the other," the board called attention to the fact that the provision relied upon by the attorney general was placed in the statute by PA 1927, No 376, and that prior to this amendment our Court in *Geis* v. *Packard Motor Car Co.* (1921), 214 Mich 646, held that an employee who was totally disabled from re-

turning to his field of employment could receive compensation even though he was earning wages at other employment in excess of that earned at the time of the injury; and that after the statute was amended, in *MacDonald* v. *Great Lakes Steel Corp.* (1934), 268 Mich 591 and in *Lynch* v. *Briggs Manufacturing Co.* (1950), 329 Mich 168, this Court held that compensation payable when added to the wages earned after the injury could not exceed the weekly wage received at the time of injury, regardless of the state of disability of the employee, with the exception of specific loss injuries where disability is deemed to continue for a specified time.

Refusing to accept the attorney general's theory, the board concluded:

"Had there been no further amendments to the workmen's compensation act, it is evident that plaintiff would not be entitled to the compensation which was directed paid by the referee. The statute was however amended in 1955 and 1956, and a new concept for compensating those persons seriously injured was adopted. The legislature did not place this additional burden for paying compensation upon the individual employer who had employed the injured person at the time of injury. The cost of these additional benefits was assessed to all employers through payments directed made to the second injury fund. (See section 8a, part 2, of PA 1955, No 250 and section 8a, part 2, of PA 1960, No 74.)

"All the benefits provided by these amendments were in addition to the amounts imposed upon the individual employer. Obviously, the legislature in 1927 could not have intended that the amendments of Act No 376 apply to these benefits now provided through the second injury fund. When the statute was amended in 1955 and 1956, the legislature placed new limitations on the benefits payable to these permanently and totally disabled persons. It provided that payments be made beyond the period

which the employer was required to pay. The language used by the legislature which permits these payments to continue after the period for which compensation would otherwise be payable is clear, concise, and does provide that such compensation be paid 'according to the full rate provided in the schedule of benefits'."

We agree with the board's conclusion that "a new concept for compensating" came into being with the 1955 and 1956 amendments that took the place of the 1927 section 11's concept and that "the language used by the legislature which permits these payments to continue after the period for which compensation would otherwise be payable is clear, concise, and does provide that such compensation be paid 'according to the full rate provided in the schedule of benefits.' "

In concluding this opinion, we call attention to appellee's observations in re legislative action subsequent to the *Roseveare* decision, as follows:

"The *Roseveare* case was decided by the appeal board prior to the extensive and comprehensive amendments to the act which went into effect on September 1, 1965. A great amount of study, discussion and debate was devoted to the entire act prior to the legislative enactment of those far-reaching amendments. In view of the existence of the well-known landmark decision of *Roseveare,* and the then accepted interpretation of the total and permanent disability provisions, if anyone had thought the act had been improperly interpreted, wouldn't that have been the logical time for the legislature to correct this 'mistake', if they had any intention or desire to do so, especially in view of the fact that both portions of the act in question, sections 9 and 11, part 2, were extensively amended? Since after all of that study, the legislature made no attempt to change the rule in *Roseveare,* must we not con-

clude they *agreed* with the appeal board's interpretation of the act?"

Affirmed. No costs, a public question being involved.

T. E. BRENNAN, C. J., and DETHMERS, T. M. KAVANAGH, and ADAMS, JJ., concurred.

BLACK, J., did not sit.

T. G. KAVANAGH, J., took no part in the decision of this case.