### RASAR *v.* CHRYSLER CORPORATION.

1. WORKMEN'S COMPENSATION—LOSS-OF-USE PERMANENT AND TOTAL DISABILITY—SECOND INJURY FUND.

   Injured employee, who was first awarded workmen's compensation against employer for 500 weeks for July 6, 1955 injury and was found to have suffered the loss of industrial use of both arms in 1958 and therefore entitled to benefits from the employer for permanent and total disability for an additional 300 weeks pursuant to a 1956 amendment of the workmen's compensation act, and from the second injury fund for further additional benefits accorded by a 1965 amendatory act, *held,* entitled after the subsequent amendment of the workmen's compensation act to impose liability solely upon the second injury fund for all benefits for loss-of-use permanent and total disability (CL 1948, § 412.9, as amended by PA 1955, No 250, PA 1956, No 195, PA 1965, No 44; § 412.10, as amended by PA 1956, No 195, and PA 1965, No 44).

2. COSTS—WORKMEN'S COMPENSATION—TOTAL AND PERMANENT DISABILITY—SECOND INJURY FUND.

   No costs are allowed on reversal of determination of workmen's compensation appeal board and requirement that plaintiff be granted benefits from the second injury fund as a person totally and permanently disabled, a public question being involved (CLS 1961, §§ 412.9, 412.10, as amended by PA 1965, No 44).

---

REFERENCES FOR POINTS IN·HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 296, 552 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 1009.

Appeal from Workmen's Compensation Appeal Board. Submitted May 6, 1969. (Calendar No. 27, Docket No. 52,030.) Decided August 4, 1969.

Ted Rasar, after receipt of compensation for total disability, presented a claim for additional benefits for permanent and total disability due to loss of industrial use of both arms. Additional award, payable in part by employer, Chrysler Corporation, and in part by Second Injury Fund, affirmed by Workmen's Compensation Appeal Board. Defendant Chrysler Corporation appeals. Reversed and remanded for payment solely by the Second Injury Fund.

*Rothe, Marston, Mazey, Sachs & O'Connell,* for plaintiff.

*Lacey & Jones (E. R. Whinham, Jr.,* of counsel), for defendant Chrysler Corporation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John J. Long* and *Rodger G. Will,* Assistant Attorneys General, for Second Injury Fund.

KELLY, J. Plaintiff received weekly compensation benefits from defendant-appellant, Chrysler Corporation, until 500 weeks from the date of his injury, July 6, 1955.

March 3, 1965, plaintiff filed an application for hearing and adjustment of claim for benefits for permanent and total disability due to the loss of industrial use of both arms.

The hearing referee ordered Chrysler Corporation to pay total and permanent disability benefits for 800 weeks (the number of weekly benefits first made

applicable to this situation by PA 1956, No 195[1]) and to pay at rates in effect at the date of injury[2] (not at the rates set by PA 1956, No 195). The second injury fund was made liable for rate increases made subsequent to the date of injury by PA 1956, No 195, and PA 1965, No 44.[3]

The workmen's compensation appeal board held that plaintiff suffered the loss of industrial use of both arms on February 12, 1958, and found that plaintiff was entitled to the benefits provided by PA 1956, No 195, and that payment of said benefits was the obligation of Chrysler Corporation. The second injury fund was held liable for increases in weekly benefits that were enacted by PA 1965, No 44.

The Court of Appeals denied Chrysler's application for leave to appeal, but this Court granted its application, 381 Mich 763.

In this appeal, Chrysler Corporation advances two reasons why the decision of the workmen's compensation appeal board should be reversed: (1) the legislature by enacting amendments to part 2, § 9, of the workmen's compensation act by PA 1956, No 195 and PA 1965, No 44, has clearly shown its intent to place the burden for enlarged benefits after the date of injury in permanent and total disability cases solely upon the second injury fund; and (2) the retrospective application of PA 1956, No 195, to Chrysler Corporation deprives Chrysler of its constitutional rights.

The question presented in this appeal was considered by this Court in our February 1966 decision of *Clark* v. *Chrysler Corporation*, 377 Mich 140.

---

[1] CLS 1961, §§ 412.9, 412.10 (Stat Ann 1960 Rev §§ 17.159, 17.160).
[2] CL 1948, § 412.9, as amended by PA 1955, No 250, effective June 25, 1955 (Stat Ann 1955 Cum Supp § 17.159).
[3] MCLA § 412.9 (Stat Ann 1968 Rev § 17.159).

In the *Clark Case* plaintiff suffered an injury on November 27, 1954, resulting in a complete amputation of his left hand and the loss of his thumb, index and middle fingers of his right hand. The referee held that plaintiff had suffered an amputation of the left hand and the loss of industrial use of his right hand, but held that plaintiff did not qualify as a totally and permanently disabled person under part 2, § 10, of the workmen's compensation act as written at the time of the injury,[4] and excluded him from differential benefits from the second injury fund. The appeal board affirmed the referee's decision and award.

In *Clark* v. *Chrysler* we considered and decided legislative intent as expressed in PA 1956, No 195. This act, in addition to adding a loss-of-use classification to part 2, § 10, amended section 9 to read in part as follows:

"Any permanently and totally disabled person as defined in sections 8a and 10 who, on or after June 25, 1955, is entitled to receive payments of workmen's compensation under this act in amounts per week of less than is presently provided in the workmen's compensation schedule of benefits for permanent and total disability and for a lesser number of weeks than the duration of such permanent and total disability shall after the effective date of this amendatory act, receive weekly, without application, from the second injury fund, an amount equal to the difference between what he is now receiving per week and the amount per week now provided for permanent and total disability."

Both appellant Clark and appellee Chrysler Corporation agreed that Clark was totally and permanently disabled. The appellant, however, contended that he was entitled to benefits from either the employer or the second injury fund and appellee

---

4 CLS 1954, § 412.10 (Stat Ann 1955 Cum Supp § 17.160).

Chrysler, employer, contended the employee was entitled to benefits only from the second injury fund, stating in this regard:

" 'By PA 1956, No 195 the legislature enlarged the definition of total and permanent disability to include loss of industrial use, as well as loss by amputation. The same amendatory act provided that persons who had these injuries *before* the amendatory act, and on or after June 25, 1955, should be entitled to differential benefits in amounts of compensation and in the number of weeks of compensation. We believe the legislative plan was to give the enlarged benefits to those who prior to the amendatory act did not qualify as totally and permanently disabled, and that these enlarged benefits should come from the second injury fund. The coupling of these two changes in the same amendatory act compels the conclusion.' "

In deciding *Clark*, four members of our Court held, with an additional member concurring in result (p 150):

"The appeal board should have modified the referee's order to provide, after payment of specific loss benefits from November, 1954 to August, 1956, for payment to plaintiff *by his employer* of total and permanent disability benefits for the period commencing August 1, 1956 and ending 800 weeks from November 27, 1954, the date of plaintiff's injury, at the benefit rate for total and permanent disability provided by the act on August 1, 1956."

A dissenting opinion in *Clark* (signed by three) concluded (p 158):

"The determination of the workmen's compensation appeal board is reversed and the case is remanded to the workmen's compensation appeal board for entry of an order granting plaintiff ben-

efits from the second injury fund as a person totally and permanently disabled."

Since submission of the case of *Clark* v. *Chrysler Corporation, supra,* the legislature enacted PA 1965, No 44. By this act, part 2, § 9, was amended to read in part as follows:

"Any permanently and totally disabled person as defined in this act who, on or after June 25, 1955, is entitled to receive payments of workmen's compensation under this act in amounts per week of less than is presently provided in the workmen's compensation schedule of benefits for permanent and total disability and for a lesser number of weeks than the duration of such permanent and total disability shall after the effective date of any amendatory act, by which his disability is defined as permanent and total disability or by which the weekly benefit for permanent and total disability is increased, receive weekly, without application, from the second injury fund, an amount equal to the difference between what he is now or shall hereafter be entitled to receive from his employer under the provisions of this act as the same was in effect at the time of his injury and the amount now provided for his permanent and total disability by this or any other amendatory act."

In this appeal appellant Chrysler Corporation has not abandoned its contention and argument as appellee in *Clark* v. *Chrysler Corporation, supra,* but in expressing opinion that the relief sought[5] in this appeal can be granted without overruling *Clark,* states:

---

[5] "Defendant and appellant, Chrysler Corporation, prays the decision of the workmen's compensation appeal board be reversed and the matter remanded with directions that plaintiff be awarded workmen's compensation benefits as a person permanently and totally disabled solely from the second injury fund."

"The legislature has made it perfectly apparent by this amendment [PA 1965, No 44] to part 2, § 9, that, when the loss-of-use classification was added to part 2, § 10, payments of benefits for the newly defined loss-of-use permanent and total disabilities were to be from the second injury fund so that the burden of the change could be spread among all employers. * * *

"The overruling of the *Clark Case* is not a necessary element to the success of our contention. We believe that by adoption of PA 1965, No 44, the legislature, again, and from statute context, spelled out its intent to give retroactive effect to placing the burden of enlarged benefits and enlarged definitions of permanent and total disability upon the second injury fund. The applicability of the amendments contained in PA 1965, No 44, and their effect was not passed upon in the *Clark Case* as PA 1965, No 44 had not been enacted when the *Clark Case* was submitted. The amendments to part 2, § 9, as contained in PA 1965, No 44 give a wholly separate reason for placing the retroactive burden of enlarged definitions of the benefits for permanent and total disability upon the second injury fund."

We agree with appellant Chrysler Corporation's contention that the legislature has made it perfectly clear that when the loss-of-use classification was added to part 2, § 10, it was the intention of the legislature that "payments of benefits for the newly defined loss-of-use permanent and total disabilities were to be from the second injury fund so that the burden of the change could be spread among all employers."

Reversed and remanded with directions that plaintiff be awarded workmen's compensation benefits as permanently and totally disabled, solely from the

second injury fund.   No costs, a public question being involved.

T. E. Brennan, C. J., and Dethmers, Black, T. M. Kavanagh, Adams, and T. G. Kavanagh, JJ., concurred.