BRADY v FORD MOTOR COMPANY

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—RIGHTS OF PARTIES—TIME OF INJURY.

The law in effect at the time of injury is ordinarily used to determine the substantive rights of the parties under the Workmen's Compensation Act.

2. WORKMEN'S COMPENSATION—TOTAL AND PERMANENT DISABILITY— INDUSTRIAL LOSS OF USE—LIMITATION CLAUSE.

A claimant for workmen's compensation who was injured in February 1954, and who suffered the industrial loss of use of both arms as of March 1968, is totally and permanently disabled under the Workmen's Compensation Act where the statute in effect at the time of injury has been interpreted as applying to the loss of industrial use, and it does not limit the time period during which total and permanent disability must be determined.

3. WORKMEN'S COMPENSATION—SECOND INJURY FUND—TOTAL AND PERMANENT DISABILITY BENEFITS—TIME OF INJURY—STATUTES.

A claimant who is permanently and totally disabled is entitled to receive additional workmen's compensation benefits from the Second Injury Fund where the law in effect at the time of the original injury in 1954 entitled the claimant to benefits for a lesser number of weeks than the duration of his total and permanent disability and for an amount less than provided in the present act (MCLA 418.521[2], [3]).

CONCURRENCE IN RESULT BY O'HARA, J.

4. WORKMEN'S COMPENSATION—TOTAL AND PERMANENT DISABILITY— BENEFITS.

*A claimant for workmen's compensation is entitled to appropriate benefits from the Second Injury Fund for total and permanent*

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 334 *et seq.*

[2, 4] 58 Am Jur, Workmen's Compensation §§ 283, 287–289.

[3] 58 Am Jur, Workmen's Compensation § 296.

*disability where he sustained his original injury in 1954, his
employer discharged all of its liability to the claimant and the
Workmen's Compensation Appeal Board found that the claim-
ant later became totally and permanently disabled as a result
of the residual effects of the injury.*

Appeal from Workmen's Compensation Appeal
Board. Submitted February 13, 1975, at Detroit.
(Docket No. 19740.) Decided July 21, 1975.

Claim by Roy M. Brady against Ford Motor
Company and the Second Injury Fund for work-
men's compensation. Compensation denied, and
the denial affirmed by the Workmen's Compensa-
tion Appeal Board. Plaintiff appeals by leave
granted. Reversed.

*Kelman, Loria, Downing, Schneider & Simpson,*
for plaintiff.

*William J. Devers, Jr.,* and *Carl G. Meyers,* for
Ford Motor Company.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Theresa Doss,
David H. Williams* and *A. C. Stoddard,* Assistants
Attorney General, for Second Injury Fund.

Before: V. J. BRENNAN, P. J., and D. E. HOL-
BROOK, JR. and O'HARA,* JJ.

V. J. BRENNAN, P. J. Plaintiff, Roy M. Brady,
appeals from a decision of the Workmen's Compen-
sation Appeal Board denying his claim for total
and permanent disability benefits.

On February 10, 1954, plaintiff was employed by
the Ford Motor Company and was injured when

---

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

several pieces of wood, weighing approximately 80 pounds each, fell on him as he was setting up a freight car for shipment. Plaintiff filed a claim for workmen's compensation benefits but, before a hearing was held on his claim, his employer, Ford Motor Company, elected to voluntarily pay compensation benefits to him for a disabling injury to his left arm.

In March of 1968, residual effects of the February 10, 1954 injury rendered plaintiff's right arm industrially useless. He therefore filed a petition seeking total and permanent disability benefits for the loss of industrial use of both arms. Plaintiff's claim was considered under the provisions of 1956 PA 195; MCLA 412.10(b)(7); MSA 17.160(b)(7), which provided:

"(b) Total and permanent disability, compensation for which is provided in section 9, means:

* * *

"(7) Permanent and total loss of industrial use of both legs or both hands or both arms or 1 leg and 1 arm; for the purpose of this subsection (7) such permanency to be determined not less than 30 days before the expiration of 500 weeks from the date of injury."

After several hearings were held, the hearing referee denied plaintiff's claim for the following reason:

"Plaintiff did not have industrial loss of use of both arms until after March, 1968, and so determination was not prior to 30 days before the expiration of 500 weeks from the date of injury."

Plaintiff appealed this decision to the Workmen's Compensation Appeal Board which affirmed the hearing referee's decision with one member

dissenting. The appeal board, after reviewing the testimony presented at the hearings, found that the evidence presented to the hearing referee established that plaintiff had suffered the loss of industrial use of both arms as' of March, 1968 and specified the date of injury as February 10, 1954. The appeal board, however, rejected plaintiff's argument that his claim was to be governed by the law in effect at the time of injury and held, instead, that "the statute in effect at the time of acquisition of total and permanent status controls rather than the statutory provision at the time of injury". The appeal board, therefore, like the hearing referee, found plaintiff's claim to be barred by the language "such permanency to be determined not less than 30 days before the expiration of 500 weeks from the date of injury". It is from this decision that plaintiff now appeals.

At the time of plaintiff's injury, February 10, 1954, claims for total and permanent disability because of the loss of two members of the body were governed by the following provision:

"The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two [2] thereof, shall constitute total and permanent disability, to be compensated according to the provisions of section nine [9]." 1948 CL 412.10.

Although this statute did not specifically provide for total and permanent disability benefits due to *loss of industrial use* of both arms, prior decisions of our Supreme Court interpreted the statute to provide benefits for those who had suffered the loss of industrial use of the specified members. See *Rench v Kalamazoo Stove & Furnace Co,* 286 Mich 314; 282 NW 162 (1938). In 1954, however, after plaintiff's accident occurred, 1954 PA 175 was

enacted which specifically itemized the losses which would entitle an employee to receive total and permanent disability benefits, none of which provided benefits for loss of industrial use. This remained the law until 1956 PA 195 was passed which included a provision for loss of industrial use of certain members by means of the § 10(b)(7) with which we are here concerned.

Noticeably absent from the provision in effect at the time of plaintiff's injury is the limitation clause relied on by the hearing referee and the appeal board in denying plaintiff's claim. The law in effect at the time of injury is that which is ordinarily used to determine the substantive rights of the parties. *Tarnow v Railway Express Agency,* 331 Mich 558; 50 NW2d 318 (1951), *Pleiness v Mueller Brass Co,* 56 Mich App 169; 223 NW2d 634 (1974). Our Supreme Court, however, has applied a different rule to claims for total and permanent disability arising out of injuries which occurred prior to the effective date of 1956 PA 195. *Buchau v Simmons Boiler & Machine Co,*[1] 392 Mich 141; 220 NW2d 408 (1974), *Clark v Chrysler Corp,* 377 Mich 140; 139 NW2d 714 (1966). These decisions, though, involved persons who were injured during that period, August 13, 1954 to August 1, 1956, in which no provision was made for total and permanent disability due to loss of industrial use as opposed to actual loss. They therefore have no application here insofar as determining which law governs.[2] See *Liesinger v Owen-Ames-*

---

[1] *Buchau* does not constitute binding precedent since the controlling decision therein was not signed by a majority of the Court. *See People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973). It is included here only to illustrate how the issue has recently been handled by our Supreme Court.

[2] It should also be pointed out that the controlling decision in *Clark* construed the language found in § 10(b)(7) in the following manner:

"The second clause of subsection (7), added to section 10 by the 1956

*Kimball Co,*[3] 377 Mich 158; 139 NW2d 706 (1966). The determination of whether plaintiff is totally and permanently disabled, therefore, should have been made according to the law in effect on February 10, 1954 which did not contain the limitation clause relied on by the hearing referee and the appeal board. Judging plaintiff's claim in this manner, it is clear that plaintiff is entitled to additional benefits. The law in effect at the time of plaintiff's injury, as construed by our Supreme Court, see *Rench v Kalamazoo Stove & Furnace Co, supra,* provided that one who suffered the loss of industrial use of both arms was totally and permanently disabled within the meaning of the workmen's compensation act. The appeal board here specifically found that plaintiff was totally and permanently disabled due to loss of industrial use of both arms but denied his claim solely because of the limitation clause found in § 10(b)(7). Since § 10(b)(7) and the limitation clause contained therein have no application to the facts of the case at bar and since the appeal board found that

amendment, reads, 'for the purpose of this subsection (7) such permanency [of loss of industrial use] to be determined not less than 30 days before the expiration of 500 weeks from the date of injury'. That language, applicable only to subsection (7) and not to the other six subsections, effectively limits its application to future injuries and to only those prior injuries which occurred within 30 days less than 500 weeks before the effective date of the act, thus precluding resurrection of ancient claims." *Clark v Chrysler Corp, supra,* at 148; 139 NW2d at 721.

[3] The controlling decisions in both *Clark* and *Liesinger* also did not command the support of a majority of the eight Justices then on the Court, however subsequent decisions of our Supreme Court have not treated them accordingly. *See Rasar v Chrysler Corp,* 382 Mich 169; 169 NW2d 303 (1969), *Hier v Boichot Concrete Products Corp,* 379 Mich 605; 153 NW2d 753 (1967). *See also Buchau v Simmons Boiler & Machine Co,* 392 Mich 141, n 1; 220 NW2d 408 (1974), *Valt v Woodall Industries, Inc,* 391 Mich 678, 697, n 13; 219 NW2d 411 (1974), and *Halas v Yale Rubber Mfg Co,* 381 Mich 542; 164 NW2d 15 (1969), for instances where the cases were cited by our Supreme Court or certain Justices on our Supreme Court without discussing their precedential value. *Buchau,* of course, is not precedentially binding. See n 1, *supra.*

plaintiff suffered the loss of industrial use of both arms, it is clear that he is totally and permanently disabled as that term was defined in February 1954 and that he is, therefore, entitled to receive additional benefits from the Second Injury Fund.

One of the purposes to be served by the Second Injury Fund is to provide additional benefits to persons who are totally and permanently disabled and who are entitled, under the law in effect at the time of their injury, to compensation in amounts less than that which is now provided for in the act or for a lesser number of weeks than is presently provided for in the act. This purpose is now accomplished by means of MCLA 418.521(2), (3); MSA 17.237(521)(2), (3), the relevant portion of which provides:

"(2) Any permanently and totally disabled person as defined in this act, if such total and permanent disability arose out of and in the course of his employment, who, on and after June 25, 1955, is entitled to receive payments of workmen's compensation in amounts per week of less than is presently provided in the workmen's compensation schedule of benefits for permanent and total disability, and for a lesser number of weeks than the duration of such permanent and total disability, after the effective date of any amendatory act by which his disability is defined as permanent and total disability, or by which the weekly benefits for permanent and total disability are increased, shall receive weekly from the carrier on behalf of the second injury fund differential benefits equal to the difference between what he is now or shall hereafter be entitled to receive from his employer under the provisions of this act as the same was in effect at the time of his injury, and the amounts now provided for his permanent and total disability by this or any other amendatory act, with appropriate application of the provisions of section 351 to 359. Such payments shall continue after the period for which the person is otherwise entitled to

compensation under this act for the duration of the permanent and total disability. Any payments so made by a carrier pursuant to this section shall be reimbursed to the carrier by the second injury fund as provided in this chapter.

"(3) Any person who prior to July 1, 1968, has been receiving or is entitled to receive benefits from the second injury fund pursuant to any prior provisions of the workmen's compensation law shall continue to receive or be entitled to receive such benefits from such fund which shall be paid directly to him from such fund unless such payments are paid in accordance with an agreement made pursuant to section 541."

In the case at bar it is clear, as the appeal board found, that plaintiff is totally and permanently disabled. It is also clear that under the law in effect at the time of his injury his entitlement to workmen's compensation benefits is for a lesser number of weeks than the duration of his total and permanent disability and for an amount less than is presently provided for in the act. He is, therefore, under the above provision, entitled to receive additional benefits. See generally, *Rasar v Chrysler Corp,* 382 Mich 169; 169 NW2d 303 (1969), *Halas v Yale Rubber Mfg Co,* 381 Mich 542; 164 NW2d 15 (1969), and *Liesinger v Owen-Ames-Kimball Co, supra.* Furthermore, since plaintiff was determined to be totally and permanently disabled as of March, 1968, he was, prior to July 1, 1968, entitled to receive the additional benefits from the Second Injury Fund under the provisions of MCLA 412.9; MSA 17.159, and is now, pursuant to MCLA 418.521(3); MSA 17.237(521)(3), entitled to receive these benefits directly from the fund "unless such payments are paid in accordance with an agreement made pursuant to section 541".

The decision of the Workmen's Compensation Appeal Board is hereby reversed and the case

remanded for the entry of an order awarding plaintiff the appropriate benefits for total and permanent disability.

D. E. Holbrook, Jr., J., concurred.

O'Hara, J. *(concurring in result).* I concur in the result reached by Judge Brennan. I limit my endorsement of the majority holding only because I am literally scared stiff of getting into a detailed analysis of the crazy patchwork of amendments to the Workmen's Compensation Act unless it is absolutely decisionally necessary. This, of course, because of possible precedential effects. I do not think it is essential in this case.

I accept, as I must, the fact that plaintiff sustained his original injury February 10, 1954.

I agree with the legal conclusion that the employer discharged all of its liability to plaintiff.

Essentially I agree with the dissenting opinion of appeal board member Storie, which was in effect adopted by the majority opinion of this Court.

I also vote to reverse and remand for entry of an order awarding plaintiff the appropriate benefits for total and permanent disability.